# WALL v. COX.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH
CIRCUIT.

No. 504.   Submitted April 15, 1901.—Decided April 29, 1901.

Under the Bankrupt Act of 1898, the District Court of the United States
in which proceedings in bankruptcy are pending has no jurisdiction, un-
less by consent of the defendants, of a bill in equity by the trustee in
bankruptcy against persons to whom the bankrupt, before the proceed-
ings in bankruptcy, made a sale and conveyance of property which the
plaintiff seeks to set aside as fraudulent as against creditors, but which
the defendants assert to have been made in good faith and to have vested
title in them.

THE case is stated in the opinion of the court.

*Mr. Clement Manly* for appellants.

*Mr. Louis M. Swink* and *Mr. Lindsay Patterson* for ap-
pellee.

MR. JUSTICE GRAY delivered the opinion of the court.

On October 12, 1899, certain creditors of W. H. Gilbert filed
against him a petition in bankruptcy in the District Court of
the United States for the Western District of North Carolina,
alleging that he was insolvent, and on October 10, 1899, trans-
ferred his stock of goods, with intent to hinder, delay and de-
fraud his creditors, by a bill of sale to John D. Wall and Thomas
W. Huske.

On October 14, 1899, the District Court issued an order of
notice to Wall and Huske to show cause on October 24, 1899,
why they should not be perpetually enjoined from disposing of
the goods alleged to have been purchased by them from Gil-
bert, and meanwhile restraining them from disposing of it. At
the time of the issue of that order, Wall and Huske had those
goods in their possession.

The District Court, on October 27, 1899, adjudged Gilbert a bankrupt; and on November 6, 1899, "ordered that the restraining order heretofore issued be continued until the appointment and qualification of trustee of W. H. Gilbert, bankrupt. Upon the appointment and qualification of said trustee, in a proper case and upon a proper showing, an injunction or restraining order may be obtained upon application, in which Wall and Huske, defendants above named, may be made parties, restraining the sale or other disposition of any of the property until a hearing may be had and the matters at issue be determined, either by a suit in equity or action at law in the United States courts or the courts of the State, as petitioners may be advised."

Walter D. Cox, on November 23, 1899, was duly elected and qualified as trustee of Gilbert, bankrupt; and on December 6, 1899, filed a plenary bill in equity in the District Court of the United States for the Western District of North Carolina against Wall and Huske, to set aside as fraudulent the sale by Gilbert to them, alleging that Cox had requested them to deliver the property to him as trustee to be divided among Gilbert's creditors, but they had refused to do so and alleged that the sale to them was valid, and they thereby acquired title to the property, and were purchasers in good faith and for a present fair consideration. The bill prayed that the sale be set aside, and the property be decreed to belong to Cox as part of the bankrupt's estate, and for an injunction and a receiver.

On December 16, 1899, Cox filed a supplemental bill, setting forth the former bill, and its service upon Wall and Huske, alleging that the property was within the District and in the jurisdiction of this court, and was deteriorating in value by reason of being stored.

At the time of the filing of these bills, and of the service of the subpœna upon Wall and Huske, they were in possession of the stock of goods, holding it under the bill of sale from Gilbert.

On the filing of the bill, the District Judge issued an order to Wall and Huske to show cause why a receiver should not be appointed to take charge of the stock of goods, and issued an injunction restraining them from disposing of it until the

further order of the court. By consent, the hearing was postponed until January 9, 1900.

On January 6, 1900, Wall and Huske, "specially appearing under protest for the purpose of this plea, and for no other," filed a plea and demurrer, assigning as reasons, that the plaintiff had an adequate remedy at law; that the District Court had no jurisdiction to entertain this bill, or to determine the question arising between the plaintiff, as trustee in bankruptcy of Gilbert, and these defendants; that the defendants claimed title to the property described in the bill under a purchase from Gilbert prior to the institution of proceedings in bankruptcy against him; that both the plaintiff and the defendants were citizens of the State of North Carolina; and that the defendants do not consent to the jurisdiction of the court.

On January 9, 1900, a hearing was had on the motion for a receiver and an injunction, and the demurrer and plea, without objection to its form; and on January 15, 1900, the District Court overruled the demurrer and plea to the jurisdiction of the court, ordered the injunction to be continued until the final hearing of the cause, and appointed a temporary receiver to take into his possession the stock of goods. 99 Fed. Rep. 546.

On January 22, 1900, Wall and Huske filed in the Circuit Court of Appeals a petition asking the supervisory power of that court under the Bankrupt Act of 1898. Upon that petition the decision of the District Court was affirmed on May 1, 1900. 101 Fed. Rep. 403.

On June 2, 1900, Wall and Huske filed a motion for a rehearing, which was granted by the Circuit Court of Appeals; and that court certified the following questions on which it desired the instructions of this court:

"First. Under the facts and the pleadings above stated, had the District Court of the United States for the Western District of North Carolina jurisdiction over the controversy?

"Second. Said District Court having adjudicated bankruptcy on account of an alleged fraudulent transfer of the bankrupt's property, and having appointed a receiver to hold the estate thus conveyed, had it, in said proceedings, or in ancillary proceedings instituted either by the original petitioners, the receiver

of the court, the bankrupt's trustee, or of the court's own motion, jurisdiction to bring in the alleged fraudulent transferee of the property thus in the court's possession, and do full and complete justice in one litigation?"

In disposing of the questions certified, we are confined to the facts stated in the certificate, and cannot consider the allegations, made in the briefs, of other facts.

According to the statements of the certificate, the present case is a bill in equity, filed by a trustee in bankruptcy in the District Court of the United States in which bankruptcy proceedings are pending, against persons to whom the bankrupt, before the petition in bankruptcy, had made a sale and conveyance of property, which the plaintiff sought to set aside as fraudulent against creditors, but which the defendants asserted to have been made in good faith and to have vested title in them. This is a bill, of which, unless by consent of the defendants, the District Court of the United States, as was directly adjudged by this court at the last term, since the first hearing of this case in the Circuit Court of Appeals, has no jurisdiction under the Bankrupt Act of 1898. *Bardes* v. *Hawarden Bank*, 178 U. S. 524; *Mitchell* v. *McClure*, 178 U. S. 539; *Hicks* v. *Knost*, 178 U. S. 541. The statement certified distinctly shows that the defendants, specially appearing for the purpose, protested that the District Court had no jurisdiction to entertain this bill, or to determine the question arising between the trustee and the defendants, and that the defendants did not consent to the jurisdiction of the court. The answer to the first question certified must therefore be that the District Court had no jurisdiction of the case.

The second question, if it does not depend on the first, is too comprehensive and indefinite to be answered at all. It speaks generally of the District Court having appointed a receiver; but does not state, nor does the certificate show, that the receiver was appointed before the election of the trustee in bankruptcy. Beyond this, the question comprehends what the District Court may do, not merely on this bill by the trustee, but on proceedings, original or ancillary, by the petitioning creditors, or by the receiver, or on the court's own motion.

*First question answered in the negative.*