## S. H. Gardner et al. v. Planters' National Bank of Honey Grove, Texas.

### Decided March 25, 1909.

**1.—Sale—Assignment of Proceeds—Parties.**

One who has advanced to another money for the purchase of cattle under an agreement that when sold the proceeds should be paid direct to him to reimburse him for such advances, becomes entitled to recover such proceeds from the commission merchants making sale; and they, with the knowledge of the rights of the person advancing the money, having paid it to another, (the trustee in bankruptcy for the one so buying them with the money advanced and consigning them to the commission merchants for sale) became liable to him therefore and were properly joined as defendants in a suit by him against the trustee to determine his right to the proceeds of such sale.

**2.—Trustee—Bankruptcy—Action—Jurisdiction.**

Under the Act of Congress, August 13, 1888 (4 Fed. Stats. Ann., p. 387) a trustee in bankruptcy could be sued in the State courts to determine the right to property taken possession of by him as that of the bankrupt, in an action by an adverse claimant thereof, the judgment not seeking to disturb the possession of the bankrupt court but providing for certification to that court for observance.

**3.—Same.**

It seems, though not so held, that action of the trustee in bankruptcy in

seeking by his answer affirmative relief against plaintiff would be a waiver of his objection to the jurisdiction of the State court.

### 4.—Venue—Waiver.

The presumption is in favor of the correctness of the ruling of a trial court against defendant's plea of privilege to be sued in his own county, and his original answer, afterwards amended, should appear in the record in order to rebut the presumption that it may have waived such plea.

### 5.—Venue.

Where a State Court had jurisdiction over an action against a trustee in bankruptcy in the county of his residence, proper co-defendants with him residing in another county might be joined in the action and were not entitled to be sued in their own county.

### 6.—Bankruptcy—Preference.

Plaintiff advanced money to another for the purchase of cattle under a verbal contract that the proceeds when sold should be paid to him for his reimbursement; they were sold by commission merchants who held the proceeds with knowledge of this contract; thereafter the one to whom the advancements were made became a voluntary bankrupt. Held that plaintiff was entitled to such proceeds in the hands of the commission merchants as against the trustee in bankruptcy, and that the transaction was not a preference in violation of the bankruptcy act nor invalid for want of record.

### 7.—Same—Garnishment.

Plaintiff's rights in such case were also superior to those of a creditor of the bankrupt seeking to reach the proceeds of the cattle by garnishment, and to the rights of such garnishing creditor when asserted by the trustee in bankruptcy.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben H. Denton.

*Gross & Armstrong,* for appellants.—Upon the filing of his petition in bankruptcy in the District Court of the United States for the Eastern District of Texas, that court acquired exclusive jurisdiction of the property of G. F. Newberry, bankrupt, situated anywhere in the United States, and it became the duty of that court to administer the estate and distribute the proceeds among the creditors according to their respective rights. The filing of the petition was a caveat to all the world, and the jurisdiction of that court is exclusive. Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 162; Loan & Trust Co. v. Street Ry. Co., 177 U. S., 59; Collier's Bankruptcy (1907 ed.), 283.

Upon the adjudication of Newberry a bankrupt, all property and property rights belonging to him or standing in his name at once passed to and vested in the trustee to be afterwards appointed. The trustee afterwards reducing the property and estate to actual possession placed the property completely in *custodia legis,* and at the same time took away from any other court that might prior thereto have had the concurrent jurisdiction over the *res,* and clothed the Bankruptcy Court with exclusive jurisdiction. Bankruptcy Act of 1898, secs. 70 and 67e, Amend. 1903; Collier's Bankruptcy (1907 ed.), 588-89; Waters-Pierce Oil Co. v. State, 47 Texas Civ. App., 162, and cases there cited.

The appellants Davis & Hamm, being resident citizens of Tarrant County, Texas, not having promised in writing to perform the contract sued upon in Fannin County, and the court being without jurisdiction of the other defendant Gardner, who was a resident citizen of Fannin County, the District Court of Fannin County was without jurisdiction of the persons of these appellants, and they were entitled to be sued in the county of their residence. Rev. Stats. (1895), art. 1194; Railway Co. v. Mangum, 68 Texas, 342; Acts Thirtieth Leg., p. 248.

Whatever right to the fund in controversy appellee could have had must have been created by the original agreement between it and Newberry, and in order for that to be operative it must have amounted to an assignment of the fund. In order for an assignment to be valid and effective the assignor must have surrendered all control over the thing assigned and the assignee must have assumed control of such property or fund. McIlhenny v. Binz, 80 Texas, 9; Estes v. McKinney, 43 S. W., 556.

The original agreement between appellee bank and Newberry contemplated a mortgage or lien on the property bought with money furnished by the bank, and was taken as security for the debt to be thereafter created, and the parties in furtherance of said agreement, and as full compliance therewith, reduced the material parts of said contract to writing, and the appellee thereafter relied upon the written mortgages, and the agreement to pay the proceeds of the mortgaged property over to the appellee when property was sold would not amount to an assignment of the property or fund. This verbal agreement to pay a certain debt out of funds derived from the sale of certain property could not have, in any event, more binding force and effect than if such stipulation had been embodied in the written instrument securing the lien. Same authorities; also Jones on Liens, secs. 48, 49, 50.

No assignment of the fund by Newberry to appellee and no order given on Davis & Hamm by said Newberry to pay the fund over to the appellee bank after the writ of garnishment in favor of Trout v. Newberry would be binding or effectual on the trustee in bankruptcy when he seeks to perfect and enforce the garnishment lien in his name as trustee for the benefit of creditors. Bankruptcy Act, 1898, sec. 67a.

*McGrady & McMahon,* for appellee.—Gardner, as trustee in bankruptcy, was subject to be sued in State court by one claiming adversely to him to settle the rights of the parties to the property, especially as no attempt was made to interfere with the possession of the property by the Bankrupt Court, and plaintiff could not force Davis & Hamm into the bankrupt court; and a plenary suit was the only adequate remedy and this could only be brought in State court. Plaintiff had this right as a claimant of title to the property; but he also had such right to sue in State court as claimant of a lien thereon. Act of Congress, August 13, 1888, chap. 866, sec. 3; United States Comp. Stat., 1901, p. 583; 4 Fed. Stats., Annotated, p. 387; Cantner v. Cohen, 121 Fed., 984; Spitzer, 130 Fed., 879; Skilton v. Coddington, 185 N. Y., 80, 113 Am. St., 885; Frank v. Vollkommer, 205 U. S.,

521; Eyster v. Gaff, 91 U. S., 521; Ingersoll v. Coram, U. S. Sup. Ct., December 7, 1908; Old Dominion, etc., Co. v. Gilmore, 207 U. S., 398; Barton v. Barbour, 104 U. S., 126. Very likely the holding in last case cited led to Act of Congress above cited.

Gardner, trustee, waived his objection to jurisdiction of the court over him by seeking in that court affirmative relief in the case (that the order dismissing the garnishment sued out by T. W. Trout be set aside and that he be substituted to the garnishing creditor's rights and that the court enforce this right). Douglas v. Baker, 79 Texas, 499; Slator v. Trustel, 21 S. W., 285.

Davis & Hamm waived their privilege to be sued in Tarrant County.

Appellants' sole proposition being based upon the contention that plaintiff could not sue defendant Gardner in the District Court of Fannin County, which contention is unsound for reason above stated, no other question is before the court, as the assignment is limited by the proposition. Railway Co. v. Eberheart, 91 Texas, 321.

Gardner being a proper party defendant, plaintiff could sue Gardner in Fannin County, his residence being in that county, and join Davis & Hamm, who lived in another county but who were proper parties defendant. Davis, Hamm and Gardner, all being interested in subject matter of the suit, were properly joined as defendants, especially as Gardner was claiming the fund for which plaintiff was suing Davis & Hamm, it being the policy of the law to make all interested parties in a plenary suit, which, under the statute, could be brought in the county of residence of either defendant. Rev. Stats., arts. 1194 (subd. 4), 1208; Cobb v. Barber, 92 Texas, 309; Clegg v. Varnell, 18 Texas, 294; Middlebrook v. Manufacturing Co., 86 Texas, 706; Cook v. Pollard, 70 Texas, 723; Ship, etc., Co. v. Bruly, 45 Texas, 6; De La Vega v. League, 64 Texas, 205; Rush v. Bishop, 60 Texas, 177; Foster v. Railway Co., 91 Texas, 631; Mathonican v. Scott, 87 Texas, 396; Graves v. Bank, 77 Texas, 555; Bank v. Hartnett, 100 Texas, 214; Turner v. Brooks, 2 Texas Civ. App., 454.

The plaintiff having furnished Newberry the money to buy the cattle under an agreement that it should have a lien on the cattle and they should stand as security for the advance, and, as Newberry should sell the cattle, the proceeds should be paid direct to plaintiff and should be the money of plaintiff so far as necessary to reimburse it for such advances, such agreement is valid between the parties, and as to volunteers and persons having notice thereof, and entitles plaintiff to the proceeds of the cattle when sold. Such agreement is valid though wholly verbal, or if part verbal and part written. Rollison v. Hope, 18 Texas, 446; Crews v. Harlan, 99 Texas, 93; Crews v. Harlan, 88 S. W., 411; Bank v. Yardley, 165 U. S., 634; Ingersoll v. Coram, U. S. Sup. Ct., December 7, 1908; 4 Cyc., 43, and cases cited in note 33; Hutchins v. Watts, 35 Vt., 360; Railway Co. v. Hurley, 153 Fed., 503; Hanson v. Blake, 155 Fed., 342; 19 Am. & Eng. Ency. of Law, 14; 3 Pomeroy, Eq., sec. 1235.

The transaction between plaintiff and Newberry was not a preference in violation of Bankrupt Act, nor invalid for want of further record. Eason v. Garrison, 36 Texas Civ. App., 574; Hall v. Keating, 33 Texas Civ. App., 526; Mercer v. Mercer, 74 S. W., 285; Re

Clifford, 136 Fed., 475; Eppstein v. Wilson, 149 Fed., 197; Kaufman v. Treadway, 195 U. S., 271; Thompson v. Fairbanks, 196 U. S., 516; Humphrey v. Tolman, 198 U. S., 91; Jaquith v. Alden, 189 U. S., 78.

The garnishment by Trout, even if it had been preserved to the trustee in bankruptcy instead of being dismissed, could not avail against the prior right of plaintiff. Carter v. Jackson, 18 Texas Civ. App., 353; Smith v. Bank, 40 S. W., 1038; Smith v. Railway Co., 39 S. W., 969.

LEVY, Associate Justice.—Appellee, as claimant of $1,000.77, the net proceeds of the sale of certain cattle, and for recovery of the same and to have the rights of each of the parties growing out of the transaction settled and adjusted, brought the suit in the District Court of Fannin County, Texas, against the appellants Davis & Hamm and S. H. Gardner as trustee of the estate of G. F. Newberry, bankrupt. The petition alleged that on August 21, 1907, said Davis & Hamm, a partnership and doing business as commission merchants in Tarrant County, Texas, as agent of G. F. Newberry, sold a certain lot of cattle which had been shipped and consigned by Newberry to them for sale on commission, the property of Newberry, and after deducting freight, commissions and other expenses there remained in their hands the sum of $1,000.77, the net proceeds of such sales; that the said net proceeds was the property and money of the appellee; that appellee had theretofore advanced said Newberry the money with which to buy said cattle, under a contract entered into between it and Newberry, by the terms of which it was agreed, for a valuable consideration, that all cattle purchased by Newberry with the money advanced by appellee should stand as security for the repayment of such money, and that the net proceeds of all sales of such cattle should be paid directly to appellee to be applied in payment of the debt owing by Newberry on account of money advanced by appellee; "that Davis & Hamm knew of such agreement between plaintiff and Newberry on August 21, 1907, at the time they received the proceeds of such sales from the purchasers of said cattle, and they knew of the existing agreement between plaintiff and Newberry to the effect that such proceeds should be paid by Davis & Hamm to plaintiff, and not to Newberry;" that thereafter, on September 21, 1907, said Newberry was duly adjudged a bankrupt in the District Court of the United States for the Eastern District of Texas, and on October 8, 1907, said Gardner was duly appointed or elected trustee of said bankrupt's estate and qualified as such, "and afterwards on October 15, 1907, said Gardner represented to said Davis & Hamm that said bankrupt court had ordered them to turn over said $1,000.77 to him as trustee aforesaid; and on or about the same day Davis & Hamm, without the knowledge or consent of plaintiff, paid said money to said Gardner, trustee, who still has it in his custody as such trustee, claiming that same belongs to said bankrupt's estate, and denies the right of plaintiff thereto." It was alleged that the Bankrupt Court had made no such order nor was appellee in any way a party to said bankrupt proceedings, but that Davis & Hamm relied upon said representation of

said Gardner in making such payment, and in fact did not know to the contrary.

Appellant Gardner plead to the jurisdiction of the court, and Davis & Hamm filed a plea of privilege, each of which pleas was overruled by the court, and they defended by general denial and special defenses.

It was substantially proved in the record that about January 1, 1907, the appellee bank and G. F. Newberry made an agreement, which was, in substance, that the appellee would furnish him money with which to buy cattle and hogs, and that he would ship out and sell the same along as he would accumulate small lots, and that the live stock so bought would stand for the money so advanced, and as sales should be made the net proceeds from the sales should be paid to the appellee and not to Newberry, and which money should belong to the appellee to the extent necessary to cover the advances; that the appellee would advance the money by paying Newberry's checks, thus making an overdraft at the bank. This arrangement between them was to continue as long as agreeable to Newberry and the bank. It did continue until the appellee's rights asserted in this case accrued. Newberry was insolvent when the agreement was made, and with no property subject to execution, and so continued thereafter; but he adhered strictly to his agreement with the appellee bank. As further security, and as evidenced by this agreement, Newberry gave the bank a mortgage on all his cattle and hogs and on those to be bought with the appellee's money, on March 2, 1907. About June 10, 1907, the bank released this mortgage, for the sole purpose of allowing the appellant Davis & Hamm to obtain a mortgage on the cattle that Newberry then owned to secure a loan they were then making him, with the agreement with Newberry that it would not change his arrangement with the appellee bank; and immediately Newberry gave the appellee bank a new mortgage on all the cattle to be purchased with the money furnished by it. The money loaned by the appellant Davis & Hamm paid Newberry's debt to this appellee bank; and soon thereafter Newberry began to buy more cattle with the appellee bank's money, and on August 19, 1907, Newberry shipped a lot of cattle to the market at Fort Worth, Texas, consigned to appellant Davis & Hamm, which Davis & Hamm sold on the open market on August 21, 1907; and the net proceeds of that part of the cattle which Newberry had bought with the appellee bank's money since June 10, 1907, amounted to the net sum of $1,000.77, and was in the possession of appellant Davis & Hamm on August 21, 1907, and at which time T. W. Trout sued Newberry for a debt and garnisheed the appellant Davis & Hamm, who refused to turn this money over to the appellee bank on their demand, but who were informed that appellee bank claimed and owned this money and that Newberry claimed no part of it as the appellee bank's advances to him exceeded these particular proceeds. Previous to this time also, during that year, Newberry had informed appellant Davis & Hamm of his arrangement with the appellee bank. On the 15th of September, 1907, Newberry filed his petition in the District Court of the United States for the Eastern

District of Texas, and was adjudged by that court a bankrupt on September 17, 1907; and on October 7, 1907, the appellant Gardner was appointed trustee of the estate of said bankrupt, and qualified immediately thereafter. In October, 1907, Gardner as trustee demanded of Davis & Hamm the $1,000.77, and they sent him their check in payment thereof. Gardner, trustee, and Trout, at the time and previous thereto, each knew of the bank's claim to the said particular proceeds. Trout had dismissed his garnishment. There appears in the record, as offered by the appellant, the following ex parte order of the referee in bankruptcy: "In the District Court of the United States for the Eastern District of Texas. In the matter of G. F. Newberry, bankrupt, in bankruptcy, at Sherman, in said district, on the 8th of October, 1907. It appearing to the court that Davis & Hamm Commission Company of Fort Worth, Texas, have in their possession a large sum of money belonging to said bankrupt's estate, to wit, $1,000.77, it is therefore ordered that said S. H. Gardner, trustee in said bankruptcy, demand of said Davis & Hamm Commission Company said sum of money."

The trial was by jury, and upon their answers to the special issues submitted judgment was entered by the court. The judgment as entered on the findings of the jury, omitting formal parts, is: "It is adjudged by the court that plaintiff, The Planters' National Bank of Honey Grove, Texas, a corporation, recover of the defendants W. D. Davis and A. B. Hamm (composing the partnership Davis & Hamm), and S. H. Gardner, trustee of the estate of G. F. Newberry, bankrupt, jointly and severally, $1,000.77, and that said plaintiff recover of said Davis & Hamm the further sum of $20, being six percent per annum interest on $1,000 from November 16, 1907, up to the present time, and that plaintiff recover of said Davis & Hamm all costs of this suit, and that execution issue against said Davis & Hamm for said recoveries against them; but that no execution issue against said Gardner, trustee; but in lieu thereof it is decreed by the court that plaintiff is the owner of the $1,000.77 paid by Davis & Hamm to Gardner, trustee aforesaid, and that said Gardner, trustee, is not entitled to said money, and that plaintiff may present this judgment to the United States District Court for the Eastern District of Texas in the cause therein pending entitled, 'In the matter of the estate of G. F. Newberry, bankrupt, in bankruptcy,' where said money is on deposit, as authority for said Bankrupt Court to pay over said money to plaintiff. It is further decreed that should said Davis & Hamm discharge this judgment, then said recovery against said Gardner, trustee, inure to their benefit and subrogate them to the rights of plaintiff; and should plaintiff receive from said Bankrupt Court or from said Gardner any of said $1,000.77, the same shall be a credit on said recoveries against Davis & Hamm." From this judgment the appellants have bought the case on appeal to have the same revised for the errors assigned.

*After stating the case.*—By the first assignment of error it is contended that the court erred in overruling the plea of the trustee in bankruptcy to the jurisdiction of the court over his person and the

subject matter of this suit. We do not think this was error in a proceeding of the instant kind. The appellee having furnished Newberry the money to buy the cattle, under an agreement that it should have a lien on the cattle and that they should stand as security for the advances, and that as Newberry should sell the cattle the proceeds should be paid direct to appellee and should be the money of appellee so far as necessary to reimburse it for such advances, such agreement is valid between the parties and as to volunteers and persons having notice thereof, and entitles appellee to the proceeds of the cattle when sold. 3 Pomeroy, Eq. Juris., sec. 1235; 4 Cyc., 43; 19 Am. & Eng. Ency., 14; Fourth Street Bank v. Yardley, 165 U. S., 634 (41 L. Ed., 855); Atchison, T. & S. F. Ry. Co. v. Hurley, 153 Fed., 503. By giving such effect, and we think it should be, to the intent and purpose of the agreement alleged, and we think sufficiently proved, between appellee and Newberry about the particular funds in the hands of Davis & Hamm, then appellee could maintain an action against the trustee and Davis & Hamm, who, having knowledge of its rights to the property, interfered with its rights, because of the fact that appellee would not claim through the estate of the bankrupt, but adversely to it. Being an adverse claimant to the particular fund in controversy, and the possession of the trustee in bankruptcy of the money not being disturbed nor sought to be disturbed, nor the proceedings in the bankruptcy court interfered with nor sought to be interfered with, then we think the court in which this suit was brought had jurisdiction to try and determine the controversy between the parties and to adjust and settle the rights of the parties to the particular property or fund. Skilton v. Coddington, 185 N. Y., 80, 77 N. E., 790; Frank v. Vollkommer, 205 U. S., 521 (51 L. ed., 911); Eyster v. Gaff, 91 U. S., 521 (23 L. ed., 403). Appellant Davis & Hamm, holding the particular fund as the agent of G. F. Newberry, and with full knowledge of appellee's rights thereto and of Newberry's consent and agreement that the particular fund should be the money of appellee and be paid by them direct to the appellee, and demand upon them for the money having been made by appellee previous to the delivery by them of the money to the trustee, and having surrendered the particular fund to the trustee after such knowledge and demand, without the consent of appellee or Newberry, were proper parties to the suit, and appellee had the right to make them parties. Cobb v. Barber, 92 Texas, 309, 47 S. W., 963. Appellee could not force Davis & Hamm into the Bankrupt Court. Bardes v. Bank, 178 U. S., 524. That Gardner as trustee could be sued in the case we think is clear from the Act of Congress of August 13, 1888, 4 Fed. Stat. Ann., p. 387, which provides "that every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." A trustee in bankruptcy is appointed by a "court of the United States," and comes clearly

within the meaning of the Act. The portion of the Act reserving in the court appointing the "manager of any property" a general equity right to protect against injustice, we think, shows that it was the intention of Congress to allow disputes about and adverse claims to the property to be litigated in courts other than the one appointing the manager or receiver. The judgment as rendered in this case does not disturb the possession of the bankrupt court; it only provides for a certification to that court for observance in so far as just and equitable.

It appears in the record that the trustee, Gardner, by supplemental answer sought as affirmative relief to have an order dismissing a garnishment against this particular property, sued out by T. W. Trout, set aside, and that he be subjected to the garnishing creditors' rights and the court to enforce this right. This would appear, though we do not undertake to so rule, to be a waiver of his objection to jurisdiction of the court over him. Slater v. Trostel, 21 S. W., 285; Douglas v. Baker, 79 Texas, 499, 15 S. W., 801.

By the second assignment of error it is claimed that the court erred in overruling the plea of privilege urged by appellant Davis & Hamm. It appears that the plea of privilege was heard and overruled on February 4, 1907, and that permission was granted to amend the answer February 26, 1907. The record failing to show the contents of the first answer, we would be required to indulge the presumption in favor of the correctness of the ruling of the trial court. The first answer may or may not have, for aught the record shows, admitted facts which showed jurisdiction, or contained a cross-bill which of itself would have waived the plea. Presumptions are in favor of the judgment rendered, unless such state of facts is shown as to enable the appellate court to say the ruling was error. Punderson v. Love, 3 Texas, at p. 63; Pierce v. Pierce, 21 Texas, 469. But even if it should be held that the plea had not been waived, and that the bill of exception is sufficient to so show, nevertheless it appears that appellant Gardner resided in Fannin County, and therefore appellee had the right to sue all the parties in this case in the county of Gardner's residence. Article 1194, subd. 4, Rev. Stats.; Cobb v. Barber, 92 Texas, 309, 47 S. W., 963.

Assignments numbers three to six inclusive are overruled. We think, as determined in the first assignment, that the agreement between appellee and Newberry was legally sufficient to give appellee the right to the particular fund in the hands of Davis & Hamm. If the agreement so made between appellee and Newberry had been allowed to be carried out as intended by them, and not interrupted by appellants, the effect of this intention and purpose would have given to appellee the power to collect. This would constitute a sufficient transfer of interest to maintain a recovery. See Rolison v. Hope, 18 Texas, 446; Crews v. Harlan, 99 Texas, 93. Equity looks upon that as done which ought to have been done. This agreement would be valid though wholly verbal, or if part verbal and part written. 3 Pomeroy, Eq. Juris., section 1237. The evidence was sufficient to warrant the finding returned by the jury, and the court did not err in submitting the issue as submitted to the jury. The transaction between plaintiff

and Newberry was not a preference in violation of the bankruptcy act, nor invalid for want of further record. Eason v. Garrison, 36 Texas Civ. App., 574, 82 S. W., 800; Hall v. Keating, 33 Texas Civ. App., 526, 77 S. W., 1054; Mercer v. Mercer, 74 S. W., 285; Kaufman v. Treadway, 195 U. S., 271 (49 L. ed., 190); Thompson v. Fairbanks, 196 U. S., 516 (49 L. ed., 577); Humphrey v. Tatman, 198 U. S., 91 (49 L. ed., 956).

We do not think that the seventh and eighth assignments could be sustained, and they are overruled.

The garnishment by Trout, even if it had been reserved to the trustee in bankruptcy instead of being dismissed, could not avail against the prior rights of the plaintiff; and the ninth assignment is overruled. Trout dismissed his garnishment. Both Trout and the trustee had notice of the appellee's claim to the particular proceeds. Carter-Battle Grocer Co. v. Jackson, 18 Texas Civ. App., 353, 45 S. W., 615; Smith v. Bank, 40 S. W., 1038; Smith v. Railway Co., 39 S. W., 969.

Finding no reversible error in the case, we are of the opinion that the same should be affirmed.

*Affirmed.*

Writ of error refused.