## BAKER v. ROBERTSON et al.

(Court of Civil Appeals of Texas. Ft. Worth.
Nov. 15, 1913. On Appellant's Motion for
Rehearing, Dec. 20, 1913. On Appellee's Mo-
tion for Rehearing, Jan. 17, 1914.)

1. BANKRUPTCY (§ 161*)—TITLE OF TRUSTEE—
PROPERTY ASSIGNED BEFORE BANKRUPTCY.

Under the express provision of Bankrupt-
cy Act July 1, 1898, c. 541, §§ 67e, 70, 30 Stat.
564, 565 (U. S. Comp. St. 1901, pp. 3449, 3451),
defining the property vesting in the trustee,
title to vendor's lien notes, assigned as collat-
eral security within four months prior to a
judgment of bankruptcy against the assignor,
vested in the trustee.

[Ed. Note.—For other cases, see Bankruptcy,
Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. HOMESTEAD (§ 76*)—INCUMBRANCE—PRO-
CEEDS—VENDOR'S LIEN NOTES.

The assignor of lien notes had no claim
thereto as exempt property on the ground that
his assignment of them was made with the pur-
pose of applying the proceeds to pay a debt
due upon his business homestead.

[Ed. Note.—For other cases, see Homestead,
Dec. Dig. § 76.*]

3. APPEAL AND ERROR (§ 273*)—BILL OF EX-
CEPTIONS—SUFFICIENCY.

A bill of exceptions failing to give the
ground of objection to the admission of evi-
dence may be disregarded.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1590, 1606, 1620–1623,
1625–1630, 1764; Dec. Dig. § 273.*]

4. FRAUDS, STATUTE OF (§ 131*)—INTEREST IN
REAL PROPERTY—EXECUTED CONTRACT OF
EXCHANGE.

Where a contract for the exchange of real
property was executed in part by delivery of the
properties, including a certain house and lot,
the statute of frauds had no application to a
supplemental oral agreement relating to sub-
stitution of a house in lieu of a note which the
owner was to assign.

[Ed. Note.—For other cases, see Frauds,
Statute of, Cent. Dig. §§ 283, 284; Dec. Dig.
§ 131.*]

On Appellant's Motion for Rehearing.

5. EXCHANGE OF PROPERTY (§ 8*) — ASSUMP-
TION OF LIABILITY—RIGHTS AND REMEDIES
OF PARTIES.

Plaintiff, who, under a written contract for
the exchange of properties, assumed a $4,000
indebtedness upon a storehouse of defendant,
who contracted to transfer to him vendor's lien
notes for $3,100 previously indorsed to a third
person as security for the same debt assumed
by plaintiff, for the purpose of reducing pro
tanto plaintiff's assumption of such indebted-
ness, was not entitled, in an action for breach
of the contract, to a judgment for their value
against defendant, so as to secure satisfaction
out of such property, in view of a possible col-
lection of the notes by the transferee and an
application on the indebtedness to plaintiff's
benefit.

[Ed. Note.—For other cases, see Exchange of
Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

Appeal from District Court, Johnson Coun-
ty; O. L. Lockett, Judge.

Action by E. W. Robertson against J. T.
Baker and M. C. H. Park, his trustee in bank-
ruptcy. Judgment for plaintiff and defendant
Park, and defendant Baker appeals. Re-
versed and remanded on rehearing.

O. T. Plummer and W. E. Myers, both of
Cleburne, for appellant. Walker & Baker, of
Cleburne, and J. D. Williamson, of Waco, for
appellees.

CONNER, C. J. Appellee instituted this
suit in the district court of Johnson county,
declaring upon a written contract between
himself and J. T. Baker for the exchange of
numerous properties in the contract mention-
ed. The contract was dated on the 12th day
of June, 1912, and the plaintiff alleged,
among other things, that, of the property
which the defendant Baker had contracted
to transfer to him, $3,100 in vendor's lien
notes had not been assigned as agreed upon.
It was further charged that the defendant
Baker had been adjudged a bankrupt, and
that his trustee in bankruptcy, M. C. H.
Park, was setting up some claim to the notes
mentioned, and Park was accordingly made
a party defendant.

The case was submitted on special issues,
the court, however, peremptorily instructing
the jury to find for the trustee in bankruptcy,
Park, and later adjudged Park as the holder
of the legal title, and the first and principal
question presented to us for determination
is whether the court erred in giving this per-
emptory instruction.

[1] The undisputed facts show that appel-
lant Baker was duly adjudged a bankrupt
on the 14th day of February, 1912, and that
Park was the duly appointed and qualified
trustee of his estate; that, on January 18,
1912, preceding the adjudication of bank-
ruptcy, Baker transferred the $3,100 vendor's
lien notes in controversy to W. W. Addicks,
who is not a party to this suit, as collateral
security for the payment of an indebtedness
of $4,000 due upon the two-story stone build-
ing situated in Morgan, Tex., exempt to
Baker as his business homestead at and prior
to the several times herein specified, and
which by the terms of the contract of ex-
change was to be conveyed to E. W. Robert-
son. Save as hereinbefore and hereinafter
mentioned, both Baker and Robertson each
delivered to the other the several pieces of
property in accordance with the terms of
the contract of exchange, each party, with
the exceptions stated, receiving possession
of the property to which he was entitled un-
der the terms of the contract.

We fail to see wherein appellant Baker
has legal cause to complain of the court's
peremptory instruction and judgment in
favor of the trustee in bankruptcy. Para-
graph E of section 67 of the Bankrupt Act
(see Fed. Stat. Anno. vol. 1, p. 692) provides,
among other things, "that all * * * prop-
erty of the debtor conveyed, transferred, as-
signed or incumbered, as aforesaid shall, if
he be adjudged a bankrupt, and the same is
not exempt from execution and liability for
debts by the law of his domicile, be and re-

main a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it.shall be to recover and reclaim the same by legal proceedings or otherwise, for the benefit of the creditors." Section 70 of the same act (ib. p. 697) reads: "The trustee of an estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." See, also, In re Novak (D. C.) 111 Fed. 161; In re Kellogg (D. C.) 113 Fed. 120.

Appellant by his indorsement and transfer to Addicks, January, 1912, certainly conferred upon Addicks as between those parties the superior title to the $3,100 vendor's lien notes, and the equity of redemption, if of any value, as between appellant and his trustee in bankruptcy by virtue of the statutes and decisions quoted (the transfer having been made within four months prior to the judgment of bankruptcy), passed to the trustee for the benefit of appellant's creditors, and it was not only the right, but the duty of the trustee to assert his title, and this assertion he was at liberty to make in the state courts, if indeed the claim was cognizable at all before a federal court. Especially is this true where, as here, he makes no complaint of the state court's jurisdiction over him. See Gardner v. Planters' Natl. Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146; section 23 of the Bankrupt Act (Fed. Stat. Anno. vol. 1, p. 590); and Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Wall v. Cox, 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845. Of course, the relative rights of Addicks, the holder of the vendor's lien notes, and appellant's trustee in bankruptcy are not affected by this proceeding, and the judgment herein cannot be construed as doing so. Indeed, the judgment does not undertake to dispose of any issue cognizable by the bankrupt court that may arise as between either Addicks and the trustee, or appellant and the trustee, the judgment herein as between the parties to this suit being merely that: "The title to the $3,100 second lien notes held by W. W. Addicks (describing them) is now, and has been since the adjudication in bankruptcy of J. T. Baker vested in the defendant M. C. H. Park, the trustee in bankruptcy of J. T. Baker. That the plaintiff take nothing by his suit as against the defendant M. C. H. Park, trustee, for the recovery of said $3,100 second lien notes, but as to said suit the defendant Park go hence and recover his costs."

It follows that the court properly rendered judgment in appellee Robertson's favor for the value of the vendor's lien notes referred to as ascertained by the verdict of the jury, and properly found and foreclosed in appellee Robertson's favor an equitable lien upon the property specified in the judgment, which appellant Baker had received from appellee Robertson pursuant to the terms of the contract of exchange.

[2] This conclusion, of course, involves the further conclusion on our part that under the undisputed facts appellant had no claim to the $3,100 vendor's lien notes as exempt property under our statute on the ground that his assignment of them to Addicks had been made with the purpose of applying the proceeds to pay the debt due upon his business homestead.

[3, 4] It further appears that on the trial appellee Robertson was permitted to show by his own oral testimony and that of another that in lieu of a $1,000 note, which under the terms of the contract Robertson was to assign to appellant Baker, the latter agreed to substitute and take a certain house and lot described in the testimony, and error is assigned to the action of the court in permitting the introduction of this testimony. The bill of exception, however, as set out in appellant's brief fails to give the ground of objection which would authorize us to disregard the assignment, but, even if we have regard to the objection indicated in appellant's argument and proposition that the supplemental agreement was not in writing and hence in violation of the statute of frauds, requiring a written memorandum of the transfer of an interest in land, we would feel impelled to overrule it on the ground that the evidence tends to show that the contract of exchange was executed in part at least by the deliveries of the properties therein specified including, as we infer from the record, the house and lot which was the subject of the supplemental contract.

Error is also assigned to the action of the court in refusing several special charges requested in behalf of appellant, but, in so far as the charges referred to were applicable, we think the questions sufficiently disposed of by what we have already said. It is accordingly ordered that all assignments of error be overruled, and the judgment affirmed.

Affirmed.

### On Appellant's Motion for Rehearing.

[5] On consideration of appellant's motion for rehearing, we conclude that we were in error in affirming the judgment. Appellee was given a judgment, among other things, for the value of the vendor's lien notes transferred to Addicks by appellant, as shown in our original opinion, with a foreclosure of a vendor's lien upon all property conveyed by Robertson to Baker under the terms of the agreement between them, with an order of

execution for the enforcement of the judgment so rendered. We think this was error, for the reason that it is undisputed that, in the exchange of properties between the parties, Robertson assumed the $4,000 indebtedness upon the storehouse situated in Morgan, Tex., and it seems evident that appellant's contract to transfer to appellee the $3,100 vendor's lien notes that had theretofore been indorsed to Addicks was for the purpose of reducing pro tanto appellee's assumption of the $4,000 indebtedness. Both parties knew that the notes had been indorsed to Addicks, and that Addicks held them either as collateral security for the $4,000 indebtedness, or under an agreement to collect the $3,100 vendor's lien notes and apply the proceeds to such indebtedness; hence it must have been understood at the time of the exchange of the properties between appellant and appellee that appellant could not make a transfer of these notes to appellee in any other sense than that appellee was to receive the benefit of appellant's contract with Baker. In other words, that appellee was to be, as it were, substituted to the rights of appellant in the contract with Addicks. If, therefore, Addicks should collect the $3,100 vendor's lien notes and apply the proceeds to the extinguishment of the $4,000 indebtedness assumed by appellee, appellee, in effect, would receive the full benefit of the vendor's lien notes as effectually as if, in fact, they had at the time been formally indorsed and delivered to him. For aught that the record shows us, Addicks may have or soon shall collect these notes, and may have or soon shall apply the proceeds to the extinguishment pro tanto of the $4,000 indebtedness owned by him, and it would therefore be inequitable for the judgment to be so framed as to authorize the appellee not only to receive the benefit of the $3,100 notes, and also to recover a judgment for their value against appellant and secure satisfaction out of the property transferred to him under the terms of the agreement between them.

In order to correct this error, if all the parties were before us, it would only be necessary to reform the judgment so as to provide that execution should not issue in behalf of appellee for the collection of that part of the judgment resting upon the $3,100 vendor's lien notes in event Addicks complied with his agreement as to the application of their proceeds, but Addicks is not a party to this suit, and the judgment, therefore, cannot bind him. We think, therefore, that the judgment should be reversed, in order that Addicks may be made a party to the end that the relative rights not only of appellant and appellee, but also of Addicks and the trustee in bankruptcy, may be determined.

Accordingly it is ordered that the motion for rehearing be granted, and the judgment reversed, and the cause remanded.

## On Appellee's Motion for Rehearing.

Appellee presents insistent motions for rehearing, but we yet think we should adhere to our conclusion as stated in the opinion reversing the judgment. While it is true that, as between Baker, Robertson, and the trustee in bankruptcy, Park, the title to the $3,100 in second vendor's lien notes was properly vested in the trustee, yet we did not undertake to decide, and could not decide, as is indeed conceded, the relative rights as between the trustee and Addicks, who received the second vendor's lien notes prior to the adjudication in bankruptcy. Addicks may be in position to insist upon his right to collect the second vendor's lien notes and apply the proceeds upon the debt resting upon the Winston Building in Morgan secured by Robertson, or possibly Robertson, as against all parties, might present the question of a right to have Addicks first resort to the security afforded by the $3,100 vendor's lien notes before foreclosing his lien upon the building named. We do not say that the facts are such as to authorize any such course, but we do say that the parties before the court and the pleadings and evidence now before us in no event authorize the determination of Addick's rights as between him and the trustee, or any of the other parties herein.

We accordingly overrule the motion for rehearing.