Harold G. McKey, Trustee in Bankruptcy of Paul Morton, Inc., Bankrupt, Appellee, v. The Davis Company, Appellant.

## Gen. No. 31,862.

1. APPEAL AND ERROR—*review of instruction in absence of evidence.* Alleged error in the granting of instruction cannot be considered where none of the evidence is preserved by a bill of exceptions.

2. MUNICIPAL COURTS—*jurisdiction of action by trustee in bankruptcy.* Under Cahill's St. 1925, ch. 37, ¶ 390, the municipal court of Chicago has jurisdiction of the subject matter of an action of the first class by a trustee in bankruptcy upon a claim of the bankrupt based on a contract for goods sold and delivered, in view of the Federal Bankruptcy Act of 1898, § 23(b) and § 47, subds. 2 and 3, notwithstanding the defendant contends that section 70 of the act precludes the municipal court's jurisdiction, and although the defendant contends that plaintiff's

affidavit of merits, setting up section 68(b) of the act, to the defendant's claim of set-off, brought the action within section 68(b) of the act and thereby precluded the court's jurisdiction.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 27, 1927.

FRANK P. LEFFINGWELL, for appellant.

CULVER, ANDREWS & KING, for appellee; CHARLES J. CLUSMAN, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The plaintiff, Harold G. McKey, trustee in bankruptcy of Paul Morton, Inc., bankrupt, sued the defendant, The Davis Company, a corporation, in the municipal court of Chicago in an action of the first class. The case was tried before the court with a jury. There was a verdict returned in favor of the plaintiff in the sum of $2,000, upon which the court entered judgment. This appeal followed.

Paul Morton, Inc., sold merchandise to the value of $2,095.38 to the defendant for which payment had not been made. The defendant, in its affidavit of merits, admitted receiving merchandise to the amount stated but claimed by set-off that on July 9, 1924, Paul Morton, Inc., was indebted to Marshall Field & Company in the sum of $3,104.95 for merchandise purchased and that on said date, for a good and valuable consideration, said company assigned to the defendant its claim, and that therefore the defendant was not indebted to Paul Morton, Inc., in any sum whatsoever. The plaintiff, in his affidavit of merits to the defendant's set-off, stated that the defendant within four months before the filing of the petition for adjudication in the bankruptcy proceeding, and with knowledge or notice that the bankrupt was insolvent, purchased the

account of Marshall Field & Company, and that therefore the said account could not be used as a set-off against the claim of the plaintiff; that to allow such set-off would be contrary to section 68(b) of the Bankruptcy Act of 1898.

The defendant in its brief contends that the court erred in giving to the jury certain instructions requested by the plaintiff, but as none of the evidence in the cause was preserved by a bill of exceptions, this contention cannot be considered by us. Counsel for the defendant in the oral argument before this court admitted that the defendant, because of the state of the record, could not urge the present contention.

The defendant contends that the municipal court did not have jurisdiction of the subject matter of the action.

The plaintiff brought his suit in the municipal court of Chicago as an action of the first class. The statute defining the jurisdiction of that court as to actions of the first class, so far as it is applicable to the present appeal, reads as follows:

"*First.* Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)." (Cahill's St. 1925, ch. 37, ¶ 390.)

The defendant contends that the plaintiff's action was based upon section 70 of the Federal Bankruptcy Act of 1898 and that therefore the municipal court had no jurisdiction of the subject matter of the action. Section 70 is very lengthy but its scope and purpose is thus stated: "It is chiefly important (a) for its provisions fixing what property of a bankrupt vests in his trustee and the time when it vests, and (b) as adopting as a part of the bankruptcy system the respective state statutes providing a remedy against fraudulent transfers. It also includes nearly all that is in the law relative to the method of selling a bank-

rupt's property.  Besides, it provides for the appointment and reports of appraisers.  The other subdivisions, c, d, and f, have to do either with minor matters of practice or else refer directly to and would have been more appropriately incorporated in other sections.''  (Collier on Bankruptcy, 4th Ed., p. 552.) It is clear that this section has no application to the question of jurisdiction in the instant case.

The second clause of section 23 of the Bankruptcy Act reads as follows: ''b.  Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, *except suits for the recovery of property under section sixty, subdivision b, and section sixty-seven, subdivision e.''* (Amendment of 1903 in italics.)

Before the amendment of 1903, the Supreme Court of the United States, in the case of *Bardes v. Hawarden Bank,* 178 U. S. 524, 537–538, interpreted section 23 and held that Congress by the second clause ''clearly manifested its intention that controversies, not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the district courts of the United States, 'unless by consent of the proposed defendant.' * * * One object in inserting this clause in the act may well have been to leave such controversies to be tried and determined, for the most part, in the local courts of the state, to the greater economy and convenience of litigants and witnesses.'' Later, in *Wall v. Cox,* 181 U. S. 244, this interpretation was reaffirmed.  ''The only change accomplished by the amendments (the amendments of 1903) is to give jurisdiction of suits at law and in equity to recover property to the district courts as well as to the courts

of the State.'' (Collier on Bankruptcy, 4th Ed., p. 269.)

There is no force in the contention of the defendant that the plaintiff, by his affidavit of merits to defendant's set-off, brought himself within the provisions of section 68(b) of the Bankruptcy Act of 1898 and that therefore the municipal court did not have jurisdiction of the subject matter. Section 68(b) reads as follows: ''A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate; or (2) was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy.'' This section has no bearing on the question of jurisdiction.

Plaintiff's claim was for merchandise sold and delivered to the defendant by Paul Morton, Inc., before it became a bankrupt. This claim was based upon a contract. Had there been no bankruptcy proceeding, Paul Morton, Inc., might have brought suit in the municipal court of Chicago and that court would have had jurisdiction of the subject matter of that suit. Under subdivisions 2 and 3 of section 47 of the Bankruptcy Act it was the duty of the trustee to collect the assets of the bankrupt and, if necessary, to enforce the payment of accounts by suit (Collier on Bankruptcy, 13th Ed., p. 1045), and under the second clause of section 23 he had the right to sue the defendant in a State court, and as the claim was based upon a contract the municipal court of Chicago had jurisdiction of the subject matter of the suit.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

Barnes, P. J., and Gridley, J., concur.