Alfred E. McLEOD and Bessie McLeod,
Appellants,

v.

CITIES SERVICE GAS COMPANY, a corporation; and Corinne Wootten Miller, as Executrix of the Last Will and Testament of Charles Miller, deceased, Appellees.

No. 5204.

United States Court of Appeals
Tenth Circuit.

March 19, 1956.

Frank C. Rayburn and John A. Weiss, Kansas City, Mo. (Robert J. Sanders, Kansas City, Mo., and James S. Lester, Oskaloosa, Kan., were with them on the brief), for appellants.

Joe Rolston, Jr., Oklahoma City, Okl., and Wm. F. Pielsticker, Wichita, Kan. (Conrad C. Mount, O. R. Stites, Oklahoma City, Okl., and William C. Leech, Oskaloosa, Kan., were with them on the brief), for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Appellants have appealed from a judgment of the District Court of Kansas, and the sole assignment of error is the refusal of the court to remand the case to the State District Court from which it was removed, on the grounds of a separate and independent claim and fraudulent joinder of a resident defendant. Preliminary to the question of removability is the timeliness of the removal. The whole question is presented on the following pertinent record facts.

The appellants, husband and wife, sued appellees, nonresident Cities Service Gas Company and resident Miller, in the Kansas State Court for negligent injury to their land. The amended complaint filed in the State Court on December 18, 1953, pertinently alleged that on or about July 1, 1952 and "continuously thereafter", the defendant-appellees entered upon the appellants' described lands under gas storage leases, and acting under contract with the appellee, Miller, to prepare the said lands for the purpose of the gas storage leases, committed enumerated negligent destructive acts resulting in injury and harm to the plaintiffs' lands and livestock thereon. The prayer was for a joint judgment against appellees.

The appellee, Cities Service, answered on January 5, 1953, admitting appellants' ownership of the described lands and gas storage leases covering the same. It also admitted that in July 1952, it entered upon the appellants' Tract No. 1 solely for the purpose of cleaning out the slush pits and removing the refuse and basic sediment from the oil wells already located thereon; that such clean-up operations were performed in a nonnegligent workmanlike manner for the sole benefit and upon the oral request of the appellants; and that it never entered upon Tract No. 2. It specifically denied

that appellee, Miller, was in any way connected with such clean-up operations and attached the contract between it and Miller dated January 23, 1953, under which Miller performed certain work on the leases in March and April 1953, wholly disconnected and unrelated to the clean-up operations complained of by the appellants as a basis for their claimed damages.

Appellee, Miller, duly answered denying any connection directly or indirectly with the alleged negligent operations conducted on the described leases; but affirmatively alleged that during the months of March and April 1953, he and Snyder, acting under a contract with Cities Service dated January 23, 1953, did nonnegligently perform certain work on three wells on appellants' lands, wholly unconnected with the alleged negligent clean-up operation of Cities Service.

In their reply to the answer of Cities Service, filed February 11, 1954, the appellants neither admitted nor denied the execution of the written agreement between Cities Service and Miller, and on the next day Cities Service filed its petition for removal of the case, alleging that since the service of the reply on the same day, it had become "first ascertainable that the case is one which is or has become removable * * *", by reason of the fact that the pleadings "now clearly show and disclose a separate and independent claim or cause of action by plaintiff against petitioner which would be removable to this court if sued upon alone, and being joined with one or more otherwise nonremovable claims or causes of action * * * the entire case in the said state court may now be removed to this court * * *." The petition went on to allege that this controversy is actually between citizens of different states, the plaintiffs well knowing that appellee Miller had nothing whatsoever to do with, nor participated in the alleged negligent acts said to have been done and performed in July 1952; that Miller was improperly joined as a defendant for the sole purpose of fraudulently preventing the petitioner from removing the case to the federal court and for no other purpose.

After the case was duly removed to the federal District Court, and on March 4, 1954, the appellants moved to remand, specifically denying the assertion of a separate and independent claim or cause of action or a fraudulent joinder within the meaning of the statute. And, the motion also challenged the timeliness of the removal as not within the twenty-day period provided by statute. Upon a hearing, the motion to remand was denied and the federal court thereafter required the appellants to amend their complaints to separately state independent causes of action against the appellees. The trial of the case resulted in a judgment on one cause of action against Cities Service and no cause of action against Miller.

Attacking the timeliness of the removal, appellants deny that their reply was an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of Section 1446(b), Title 28 U.S.C., and the petition for removal therefore came too late.

■■ The twenty-day period provided in Section 1446(b) for the filing of a petition for removal is not jurisdictional and may be waived by affirmative acquiescence in the removal. Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Donahue v. Warner Bros. Pictures, 10 Cir., 194 F.2d 6; Parks v. Montgomery Ward & Co., 10 Cir., 198 F.2d 772. And, the appellees say that the appellants did waive any irregularity or defect in the removal proceedings by affirmatively pleading in the federal court after removal. But the appellants did not voluntarily acquiesce in the removal. They moved to remand, raising the timeliness of the removal and pleaded in the federal court only after the motion to remand had been denied and they were ordered to

amend their pleadings. We do not think this constituted an acquiescence amounting to a waiver. Cf. Weeks v. Fidelity & Casualty Co. of New York, 5 Cir., 218 F.2d 503; Donahue v. Warner Bros. Pictures, supra.

■ To show the untimeliness of the removal, appellants rely upon Houston & T. C. R. Co. v. State of Texas, 177 U.S. 66, 20 S.Ct. 545, 44 L.Ed. 673, holding that a reply to a defense forms no part of the complainant's cause of action, and therefore could not be the basis for removal on a federal question asserted therein. But that case arose and was decided under Section 29 of the Act of March 3, 1911, 36 Stat. 1095, providing that the petition for removal must be filed before the defendant was required to "answer or plead to the declaration or complaint of the plaintiff". The Amendment of May 24, 1949, 63 Stat. 101, authorizing removal within twenty days after receipt by the defendant of an " 'amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable' " was declaratory of the rule in Powers v. Chesapeake & O. R. Co., supra [169 U.S. 92, 18 S.Ct. 267] permitting "and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought." See legislative history of the Amendment, U. S. Congressional Service, Vol. 2, 81st Congress, 1st Session 1949, p. 1268.

The appellants' reply did not purport to change or restate the asserted cause of action, but it was a "pleading" or "other paper", and if it reshaped the stated claims in a manner to make removability for the first time ascertainable, the petition is indeed timely. Appellees say that inasmuch as the complaint pleaded the contract between Miller and Cities Service, under which Miller's operations on appellants' land were performed, and the appellees having attached the written contract to their answer, it thereupon became a necessary part of the appellees' claim when they failed to deny its existence, terms and conditions on reply.

■ Under Kansas law, allegations of the execution of a written instrument are taken as true in the absence of a verified denial. See § 60–724 Gen.Stat.Kan.Annot.1949. And so, in determining whether a separate and independent claim is stated against the nonresident, defendant Cities Service, we think we may look at the Miller-Cities Service contract, under which appellee Miller entered upon the appellants' lands. It is dated January 23, 1953, and provided for the performance of certain prescribed work by Miller as a contractor on Cities Service wells located on the appellants' lands. But the amended complaint alleges that subsequent to the execution of the gas storage leases, on or about July 1, 1952, and continuously thereafter, the defendants committed the negligent acts resulting in the claimed injuries. One wrong is alleged, one judgment is asked, and giving the contract its full factual sweep, it cannot be said to make a separate and independent claim out of that which the pleader has chosen to make joint and several. And this is so even though the alleged negligent acts of Miller and those of Cities Service were committed separately and at different times, for they could have concurred to produce one wrong for which they would be jointly or severally liable in one judgment. See Polzin v. National Co-op Refinery Ass'n, 175 Kan. 531, 266 P.2d 293. At most the contract makes explicit the separability of the acts of Miller and Cities Service. It does not completely negate the concurrence of the two acts to cause a single wrong, and it does not therefore manifest a separate and independent cause of action within the meaning of Section 1441(c). Cf. Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902. After removal, the complaint was amended to state separate and independent claims against Cities Service, for which separate relief was sought. But removability on the grounds of separateness of claims must be judged by the state of the plead-

ings at the time of removal, not afterwards. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702.

Of course if there is bad faith or collusion in joining a resident defendant for the sole purpose of preventing removal, that may be shown by any means available. Preas v. Phebus, 10 Cir., 195 F.2d 61, 62. But, fraudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty. It cannot be inferred from a mere misjoinder of parties or causes of action. Updike v. West, 10 Cir., 172 F.2d 663; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233; Pullman Co. v. Jenkins, supra. The fraudulent joinder was pleaded with sufficient definiteness and it was specifically denied on the motion to remand. On a hearing on the motion, there was positive and uncontradicted proof to the effect that Miller had nothing whatsoever to do with the alleged negligent clean-up operations conducted by Cities Service on appellants' land in 1952. Counsel for the appellants admitted as much in the pretrial hearings and later amended their pleadings to state separate and independent claims against Cities Service for its clean-up operations conducted on the lands in 1952, and another separate and independent claim against Miller and Cities Service jointly for their operations conducted on the lands in 1953.

The trial court made no findings on the issue of fraud. Indeed, it made no findings at all in the denial of the motion to remand, and we cannot tell from its order on what grounds the motion was denied. But if it is sustainable on either ground, it is our duty to do so. Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, 616. Looking at the whole record, we cannot say that the allegations are not supported by the evidence, and not being clearly erroneous, the judgment is affirmed.