GARDEN HOMES, Inc.

v.

Norman P. MASON, as he is Commissioner of Federal Housing Administration,

and

Worcester Federal Savings and Loan Association.

Civ. A. No. 56–466.

United States District Court
D. Massachusetts.

June 26, 1956.

Angus M. MacNeil, Somerville, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Daniel Needham, Jr., Asst. U. S. Atty., Boston, Mass., for defendant Norman P. Mason.

George C. Caner, Jr., Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant Worcester Federal Savings & Loan Ass'n.

ALDRICH, District Judge.

This motion to remand to the state court raises only one matter of any consequence. There is no doubt in my mind but that the Commissioner of Federal Housing Administration may,

under the provisions of 28 U.S.C. § 1442 (a) (1), remove an action against him to this court, and this irrespective of the absence of diversity of citizenship, or regardless of non-joinder of a co-defendant in the petition, or of the existence of an ad damnum in excess of $10,000. The troublesome question is whether, when he failed to remove the action originally, and, instead, merely filed a demurrer disputing the existence of a cause of action, a new right to remove arose when the plaintiff, three years later, filed a substitute bill of complaint. Had the original cause been nonremovable, the answer would have been easy, but that is not the case. Had the substitute complaint set forth an entirely new and totally unrelated cause of action, the answer would also be easy. Willingness to remain in the state court for one cause of action does not show a willingness, or constitute a waiver, as to some quite different cause. Henderson v. Midwest Refining Co., 10 Cir., 43 F.2d 23; Baron v. Brown, D.C.S.D.N.Y., 83 F.Supp. 520. However, there may be, and is here, a question of degree. While I am not bound by the case of Atlantic National Bank of Boston v. Hupp Motor Car Corp., 300 Mass. 196, 14 N.E.2d 167, denying removal, I agree with that decision, although not with certain dictum therein. The mere allowance of an amendment to the complaint does not automatically renew the right to remove. Following a demurrer a modification in the ordinary course to perfect allegations is exactly what may be expected. Where the state action, as here, is an equity suit, considerable breadth of change may be anticipated, even to setting up matters occurring after the commencement of the suit. This is normal equity practice, Atlantic National Bank of Boston v. Hupp Motor Car Corp., supra, and I believe it is what the

defendant voluntarily submitted himself to when he accepted the state court's jurisdiction by not removing in the first instance.

On the other hand I do not agree with the plaintiff that the defendant submitted to the extraordinary Massachusetts practice which permits an amendment from one cause of action to another, though the second be as different from the first as black from white, provided the court is satisfied that the second action was the one originally "intended to be brought." Mass.G.L.(Ter.Ed.) c. 231, §§ 51 and 138. The defendant is not bound to anticipate the plaintiff's secret undisclosed intent. For the Massachusetts legislature to limit removability in such fashion by a practice act would seem to trespass upon the federal prerogative. See Robinson v. Trustees of New York, N. H. & H. R. Co., 318 Mass. 121, 124–125, 60 N.E.2d 593. Nor do I think that was the legislative purpose. I believe the proper test is whether the amendment was within the normal scope of equity practice to enlarge upon, or to set forth more accurately, the cause of action described in the original complaint, or whether it set forth a different, in the sense of some other, cause. Under the first alternative would fall normal changes in the relief asked, since it is the allegations of the complaint, not the prayers, which define generally the cause of action. Bleck v. East Boston Co., 302 Mass. 127, 18 N.E. 2d 536; see Gray v. City of Santa Fe, N. M., 10 Cir., 89 F.2d 406, note 1.

I am satisfied that the substitute complaint here contains but a more detailed and corrected description of the alleged cause of action originally indicated, with the natural outgrowths therefrom since its institution.

Case remanded.