Archie LACY, Plaintiff,

v.

**MID-CONTINENT CASUALTY CO.,**
Defendant.

Civ. A. No. 65-H-280.

United States District Court
S. D. Texas,
Houston Division.

Nov. 17, 1965.

Patterson, McDaniel, Moorè & Browder, Louis M. Moore, Houston, Tex., for plaintiff.

Barrow, Bland, Rehmet & Singleton, Vincent W. Rehmet, Houston, Tex., for defendant.

NOEL, District Judge.

This case was removed here from the 125th District Court of Harris County, Texas. Plaintiff in the removed cause of action is movant here, having filed herein his motion to remand his cause of action to the state court. No hearing has been had on the motion. The statements of fact made herein are based on the pleadings and briefs of the parties.

█ Plaintiff in the removed action, Archie Lacy, individually, and doing business as Lacy Truck Line, hereinafter also referred to as Lacy, alleges a cause of action under the Stowers doctrine,[1] as it is popularly known in Texas. In essence, the Stowers doctrine permits an assured to recover from his insurer the entire amount of a judgment rendered against him if, prior to judgment, the insurer negligently failed to accept a settlement offer within the liability limits of the insurance policy between them.[2]

In August of 1959, one of Lacy's employees collided with a car driven by H. H. Poole, hereinafter referred to as Poole. Poole sued Lacy for his injuries sustained as a result of the accident and prayed for $185,000 in damages. The defendant in this cause, Mid-Continent Casualty Company, hereinafter referred to as Mid-Continent, assumed defense of the trial under the obligation of an insurance contract it had entered into with Lacy. The policy limit was $100,000. Lacy alleges that (1) Poole's attorneys offered to settle the case several times; (2) the alleged offer that was advanced by Poole's attorneys prior to trial and during the trial was $93,000, an amount within policy limits; (3) before the final arguments and the submission of special issues to the jury, Poole made a firm settlement offer in writing of $92,500 to Mid-Continent, Lacy made written demand upon Mid-Continent to settle for that amount, and Mid-Continent refused to accept the settlement offer; and (4) at the conclusion of the jury arguments he made a second written demand upon Mid-Continent to settle, which Mid-Continent also refused. The jury returned a

---

1. The case of G. A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544 (Tex.Comm.App.1929), is the leading case in Texas.

2. For a more complete treatment of the Stowers doctrine, see Note, 18 Sw.L.J. 157 (1964).

verdict against Lacy in the amount of $160,000, plus interest at 6% until paid.

Subsequent to the judgment, Mid-Continent tendered to Mr. Poole the policy limits of $100,000, plus interest on the whole judgment which had accrued through the date of tender, plus stipulated property damage of $432.32. Mr. Poole accepted the tender without prejudice to his right to collect the balance of $60,000 plus interest.

Thereafter, Lacy paid various additional sums in partial satisfaction of the judgment.[3] Lacy alleges that under the Stowers doctrine, Mid-Continent became liable for the entire amount of the judgment rendered against him. Lacy filed his original petition February 6, 1962 with a prayer for damages of $5,000. He filed his First Amended Original Petition on August 21, 1963 with a prayer for damages of $10,000 and a further prayer for a "Declaratory Judgment pursuant to Article 2524–1 of the Revised Civil Statutes of Texas, declaring that all future payments upon the Judgment * * * shall be immediately reimbursable by Defendant, Mid-Continent * * *." Lacy filed his Second Amended Original Petition on May 7, 1965 with a prayer for damages of $31,500 and an identical request for declaratory relief.

On May 11, 1965 Mid-Continent filed a Petition for Removal with this Court. It alleges that Lacy, individually and doing business as Lacy Truck Line, is a citizen of Texas and that Mid-Continent itself is a foreign corporation, incorporated under the laws of Oklahoma and domiciled in Tulsa, Oklahoma, where it maintains and at all times has maintained its principal place of business. It also alleges that prior to the filing of Lacy's Second Amended Original Petition on May 7, 1965, the amount in controversy did not exceed the sum or value of $10,000, exclusive of interest and costs.

Lacy's Motion to Remand asserts that after he filed his First Amended Original Petition, the amount in controversy exceeded the sum or value of $10,000 and diversity existed, thus making the cause removable within twenty days after receipt by Mid-Continent of the First Amended Original Petition. According to Lacy, the removal by Mid-Continent was not timely under 28 U.S.C. § 1446 (b).[4] Lacy's motion also denies that the matter in controversy did not exceed the sum or value of $10,000 prior to the filing of the Second Amended Original Petition.

The issue before the Court on the Motion to Remand may be stated thusly: When Lacy prayed for declaratory relief in his First Amended Original Petition filed August 21, 1963, did he allege a cause of action in excess of $10,000? The propriety of the removal to this Court turns upon the answer to this question.

Removal on the basis of diversity of citizenship generally conforms to the original jurisdictional grant in 28 U.S.C.A. § 1332, which requires an amount in controversy in excess of $10,000, exclusive of interest and costs. On removal, the defendant is the party seeking entrance into the federal court, and he has the burden of proving that the jurisdictional amount is present. 1 Moore, Federal Practice, para. .92 [3–2] at 840 (2d ed. 1964). This motion, however, reverses the situation: Lacy seeks to prove the existence of the jurisdictional amount, and Mid-Continent denies

3. The following are the payments made by Lacy:

| | |
|---|---|
| November, 1961 | $ 5,000.00 |
| November, 1962 | 5,000.00 |
| February, 1964 | 2,000.00 |
| March, 1964 through December, 1964 @ $1,500/mo. | 15,000.00 |
| January, February & April, 1965 @ $1,500/mo. | 4,500.00 |
| | $31,500.00 |

4. It should be noted here that the Congress recently has extended the time for removal of actions from twenty days to thirty days. 28 U.S.C. § 1446(b), as amended 79 Stat. 887.

it. Nonetheless, the defendant must prove that the case was not improperly removed when the amount in controversy or the timeliness is challenged by the plaintiff on a motion to remand. See John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, 93 F.Supp. 296 (D.N.J.1950) at 302: "It is likewise still the burden of the petitioner for removal to establish his right to remove which must be construed strictly and the petition should not be granted *if there is doubt as to the right of removal in the first instance."* (Emphasis supplied). See also, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If the action was originally removable, but was not removed, an amendment of the claim will not make the case again removable for purposes of the time limitation, unless the amendment gives rise to another basis for removal. Garden Homes, Inc. v. Mason, 143 F.Supp. 144 (D.Mass.1956). If the plaintiff's amendment provides the defendant the initial opportunity to remove, the date of service of the amended pleading controls for purposes of determining the time within which to remove.

■■ In determining from the face of a pleading whether the amount in dispute is sufficient to confer jurisdiction upon a court of the United States, it is settled that if from the nature of the case as stated in the pleadings there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach even though the prayer includes damages at a larger sum. Vance v. W. A. Vandercook (No. 2), 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898). In this diversity of citizenship case, the Court will look to the state rule

to determine the jurisdictional amount. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[5]

Mid-Continent asserts that, under Texas law, Lacy could not have recovered more than $10,000 on the basis of his First Amended Original Petition of August 21, 1963. It cites to the Court Parmelee v. Ackerman, 252 F.2d 721 (6th Cir. 1958), for the proposition that "[I]n ascertaining the amount in controversy for jurisdictional purposes, *'where the law gives the rule,* the legal cause of action, and not the plaintiffs' demand for damages, must be regarded.'" Finally, as authority for the proposition that Texas law would not allow recovery, Mid-Continent cites Universal Auto. Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727, 87 S.W.2d 475 (1935).

■ The plaintiff cites as a guideline for his proposition the concurring opinion in Palmer v. Travelers Ins. Co., 319 F.2d 296 (5th Cir. 1963), which states that "Long before the expiration of the period in which to bring a damage suit for negligent failure to settle, the hapless, helpless assured would have a whole arsenal of effective weapons to bring the negligent insurer to the performance of its obligations. These would include declaratory judgments, third party complaints, or the like." 319 F.2d at 300. This language would be applicable in a diversity suit initiated in federal court under the federal declaratory judgment procedure, but it does not bear on the question of when, under state law, a cause of action existed that involved an amount in controversy in excess of $10,-000. The concurring opinion did not cite any Texas case in support of its assertion that a declaratory judgment would lie.[6]

5. Under the federal rule, Lacy's First Amended Original Petition stated a claim in excess of $10,000. Dotschay v. Nat'l. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

6. Note should be taken that a third-party complaint would be inapplicable to a Stowers doctrine case. A cause of action in favor of the assured does not

arise against the insurance company until the judgment in excess of policy limits is returned by the jury. The insurer may settle and avoid the impact of Stowers at any point in the proceedings prior to the jury's rendering a verdict. To join the insurer as a third-party defendant while it was representing the third-party plaintiff would create a conflict of interests, since in such case the

Although the Texas courts have recognized the Stowers doctrine for 36 years, they have not settled all of the problems that the original decision engendered. One unanswered question is before the Court on this motion to remand, and the consideration of this question requires a review of several aspects of the law of Texas.

"A suit in a Stowers fact situation actually involves both a cause of action in contract under the terms of the policy and a cause of action in tort for the amount of the judgment in excess of policy limits." Note, 18 Sw.L.J. 157, 160 (1964).[7] Thus, the assured's right to recover from the insurer seemingly should be governed by the insurance contract up to the amount of policy limits, but it should not be governed by the contract as to the amount in excess of policy limits.

However, the cases and the writers who have dealt with this point seem to assume that the contract provisions also govern the right to recover for the tortious aspect of the Stowers doctrine. E. g., see Universal Auto. Ins. Co. v. Culberson, supra; Note, 18 Sw.L.J. 157 (1964). The authorities draw a distinction between a Stowers doctrine fact situation involving an indemnity contract and one involving a liability contract, requiring the insured to satisfy the judgment in the former before he can validly allege a cause of action against the insurer for negligent failure to settle. In Culberson the Commission of Appeals construed the policy in question "as an indemnity obligation, *rather than a liability contract,* and * * * [the insured] * * * could assert no cause of action against the insurance company on account of the judgment in favor of [the plaintiff] * * * until he has paid the same or some portion thereof, and then only to the extent he has paid."

86 S.W.2d at 730 (emphasis supplied). Apparently, a different rule would govern a liability contract, or else the Commission of Appeals would not have been so careful to identify the character of the contract in issue. The parties cite no Texas case to the Court that does deal with a liability contract, and diligent research has not disclosed one.

■ In this case, the parties do not inform the Court as to the nature of this contract. The construction of the contract and its effect are matters of state law. Corrosion Rectifying Co. v. Freeport Sulphur Co., 197 F.Supp. 291 (S.D. Tex.1961). However, the distinction, if any, between liability contracts and indemnity contracts is not asserted by either party, and would not necessitate a different result here.

Proceeding further, the Commission notes that "As to his alleged cause of action in that regard [for failure of the insurer to settle], Culberson [the insured] cannot assert same until he has paid some sum on the judgment in excess of the * * * limit of the policy; and then only to the extent of his payment." 86 S.W.2d at 731. The Commission of Appeals decided the Culberson case in 1935, before declaratory judgments had become widely accepted in American jurisprudence. 3 Barron & Holtzoff, Federal Practice and Procedure § 1261 at 270 (1958); 6 Moore, Federal Practice, para. 57.02[1] at 3004 (2d ed. 1953). The Texas legislature passed Article 2524–1 in 1943. Thus, the declaratory judgment remedy did not exist in Texas in 1935 and was not available to Culberson. The Texas courts have not had the opportunity to pass upon this question at the appeals level, and this fact situation could provide the needed answer to an open question of law in Texas.

insurance company would be representing itself against its client, and would, in effect, make the jury privy to settlement negotiations.

7. See Highway Ins. Underwriters v. Lufkin-Beaumont Motor Coaches, 215 S.W.2d

904 (Tex.Civ.App.1948), error ref. n. r. e., at 906: "The petition asserts, in effect, two causes of action, one for the sums contracted to be paid and one (in tort) for the excess of the judgment above those sums."

There is no certainty that the Texas courts would refuse such declaratory relief in a Stowers doctrine fact situation. In its brief opposing remand, the defendant asserts that the Texas courts "have repeatedly and consistently held that future or speculative rights contingent upon some future event may not be declared under the Act," citing Cowan v. Cowan, 254 S.W.2d 862 (Tex.Civ.App. 1952), and Puretex Lemon Juice, Inc. v. California Products, Inc., 324 S.W.2d 449 (Tex.Civ.App.1959).[8] These cases are distinguishable.

Cowan involved a suit by the children of a testatrix to have her will declared invalid while she was still alive. Texas courts never have had jurisdiction to determine the validity of the "will" of a living person, and as the Court notes: "The Act is remedial in nature and procedural in character. It does not create jurisdiction in the courts over subjects in which they had no jurisdiction before the passage of the Act. *It has only changed the method of exercising existing jurisdiction.*" 254 S.W.2d at 864. (Emphasis supplied.) Also, there was no certainty that the suit would settle the conflict between the parties, such settlement being a primary aim of the Act. See, Kimble v. Baker, 285 S.W.2d 425 (Tex.Civ.App.1956); Purcell v. Metropolitan Cas. Ins. Co., 260 S.W.2d 134 (Tex.Civ.App.1953). In the latter case, the Court observes that "While there are conditions and contingencies which may operate even after the entry of a declaratory judgment on the question so that the controversy will not be ended, the declaration of the rights of the parties upon the question, as of the time the suit was tried will certainly serve a useful purpose." 260 S.W.2d at 139. A declaratory judgment in a Stowers doctrine fact situation would serve both purposes: a finding of no negligence on the part of the insurer ends the controversy between the parties, and a finding of negligence on the part of the insurer may serve several useful purposes (e. g., pre-vention of the running of limitations on the assured's cause of action), as well as ending the controversy between the parties.

Puretex involved a situation clearly distinguishable from the one that this case presents. There, the holder of a trademark on the shape of a juice container obtained an injunction against an infringer who had violated the trademark through the use of a similar container. When the infringer subsequently proposed to introduce, but had not actually introduced, another container, it sued the trademark holder to have the Court declare that its proposed container did not violate the injunctive decree. The court of civil appeals held that declaratory relief was not proper because

"Viewing all the facts and circumstances in the light most favorable to appellees, it is evident that at the time they filed this suit no justiciable controversy existed between them and appellant, and that they are merely seeking an advisory opinion upon a hypothetical state of facts which were not in existence at the time and might never come into being. None of the proposed bottles had been used, none had been procured by them, none had been manufactured—the dies for their manufacture had not even been made. The entire plan is only evidenced by a blue print and plastic model, which amounts to nothing more than the 'artist's conception' of future events. No controversy existed or was even threatened * * *." 324 S.W.2d at 453.

The Supreme Court of Texas added that "A declaratory judgment rendered herein would not settle the controversy between the parties." 334 S.W.2d at 783.

In this case, however, a genuine controversy exists between the parties which can be settled by a single fact determination; i. e., the negligence or lack thereof by Mid-Continent. This one factual determination may well serve to terminate

8. Affirmed 160 Tex. 586, 334 S.W.2d 780 (1960).

the litigation between these parties. Mr. Chief Justice Hughes' remarks in Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), are pertinent here. At 241, 57 S.Ct. at 464 he points out that "Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages." Also, in Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), Mr. Justice Frankfurter states at 671–672, 70 S.Ct. at 879, "The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." Although both Aetna and Skelly deal with the federal act, the similarity of the Texas Act to the federal act makes them valuable indicia of desirable policy under a declaratory remedy.

Finally, a few Texas cases should be noted here. The first is Culberson. The holding of that case will not be emasculated at all by a present declaration of rights. See, Aetna Life Ins. Co. v. Haworth, supra. The net result in a Stowers fact situation is that the insurance company pays the balance of the judgment to the plaintiff. The assured acts as a mere conduit, at best. The rationale and policy of Culberson is to assure that the plaintiff does in fact receive the payment by short-circuiting any possibility that the assured would receive payment from the insurance company and then, for some reason, fail to transmit the funds to the plaintiff. A Texas court could find present *liability* upon the part of Mid-Continent, but it could also hold that Mid-Continent would become liable for *payment* to Lacy as of the dates that Lacy paid portions of the judgment to Poole and sent receipts of payment to Mid-Continent. This procedure is merely one example of numerous alternatives potentially available to the state court, and does not imply any view by this Court on the merits of the cause or the disposition thereof in the state courts.

As to the contention that the law gives the rule here and Lacy could not have recovered an amount in excess of $10,000 as of August 21, 1963, what is "the law"? It seems to be settled that the Texas law would allow Lacy to recover the full amount in excess of policy limits for a negligent failure to settle, G. A. Stowers Furniture Co. v. American Indem. Co., supra, if he first satisfies the judgment. Universal Auto. Ins. Co. v. Culberson, supra.

Whether or not an action for a declaratory judgment will lie here under Texas law is uncertain. The Court is cited no Texas case that would evidence the rule or policy of the Texas courts in regard to this particular situation. This Court is not convinced that such an action is inappropriate or unavailable here. The remedy afforded by Article 2524–1 is an "action"; it is neither legal nor equitable but is *sui generis,* Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837 (1945), and it may serve to determine quickly any Stowers doctrine contention by an assured through settlement of the issue of liability and prescription of a payment procedure, if one be needed. A declaratory judgment may lie, even though another adequate remedy exists, Zamora v. Zamora, 241 S.W.2d 635 (Tex. Civ.App.1951), because the action is an alternative and cumulative remedy. Forbes v. Texas Dep't. of Public Safety, 335 S.W.2d 439 (Tex.Civ.App.1960). No present damage need be shown, Texas & New Orleans R. R. v. Houston Belt & Terminal Ry., 308 S.W.2d 912 (Tex.Civ. App.1958), so Culberson should not be a restriction. Thus, the advent of the action for a declaratory judgment does not leave "the law" of Stowers so well settled. Although entertainment of an action for declaratory judgment is discretionary with the court, Town of Santa Rosa v. Johnson, 184 S.W.2d 340 (Tex.Civ.App. 1940), the state court should have the

opportunity to exercise its discretion in this area so that the attorneys in Texas will be enlightened as to the policy of the courts toward the use of a declaratory remedy in Stowers doctrine situations.

Inasmuch as there is uncertainty as to the existence or non-existence of the federal jurisdictional amount as of August 21, 1963, which results from an open question of state law, the plaintiffs' motion to remand is granted.

The Court does not reach the question of interest that the parties submitted. A determination of that question is not necessary here.

The above and foregoing constitutes the Court's findings of fact and conclusions of law in this case.

Clerk will file this Memorandum Opinion and send a copy to respective counsel.