**CITY OF WATERBURY, Plaintiff,**

v.

**H. L. YOH COMPANY, a Division of Day and Zimmermann, Incorporated, et al., Defendants.**

**Civ. No. 11258.**

United States District Court
D. Connecticut.

April 22, 1966.

Raymond J. Quinn, Jr., Corp. Counsel, John F. Phelan, Asst. Corp. Counsel, Waterbury, Conn., for plaintiff.

Joseph P. Zone, Stamford, Conn., for defendants.

ZAMPANO, District Judge.

This is a motion to remand this suit to the state court from which the plaintiff claims it was improvidently removed. 28 U.S.C. § 1447(c).[1] The original action was brought on July 16, 1965 in the Superior Court of Connecticut. Although the requisite diversity of citizenship and jurisdictional amount were then present, the matter was not removed within the statutory period. 28 U.S.C. § 1446(b).[2] On January 18, 1966, an amended complaint was filed absent objection. On January 31, 1966, the action was removed. The sole question for determination is whether the amended complaint gave rise to a new right to remove to this Court. 1A Moore, Federal Practice 1243 (2 ed. 1965). If it did not, the petition is clearly untimely; and remand is proper.

1. 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, * * *."

2. 28 U.S.C. § 1446(b) provides: "The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The core of the controversy is a contract in which the defendants agreed to furnish services in the general revaluation of all real properties within the boundaries of the City of Waterbury. The initial complaint sought injunctive relief and damages for an anticipatory breach of the contract which was scheduled to be completed by August 10, 1965. Claiming that time was of the essence, the plaintiff asserted the defendants had failed to hire sufficient personnel to complete the work and were not using reasonable diligence in performing the contract. This dilatory conduct, if continued, allegedly would render it impossible for the plaintiff to publish an abstract list by October 1, 1965, for public inspection. The list was to be used as a basis for levying taxes.

The amended complaint, in two counts, sets forth negligent acts of omission and commission which are said to have resulted in an unsatisfactory and incomplete performance of the revaluation contract. In addition to seeking general damages, it urges the imposition of $100.00 per day penalties for failing to complete the contract on August 10 as promised.

The defendant contends the amended pleading actually states a totally new, unrelated cause of action; accordingly, they argue the petition to remove is proper. Baron v. Brown, 83 F.Supp. 520 (S.D. N.Y.1949). The City of Waterbury, on the other hand, asserts the amended complaint is simply an expansion and clarification of matters stated in the original pleading; removal, it is claimed, is untimely. Garden Homes, Inc. v. Mason, 143 F.Supp. 144 (D.Mass.1956).

■ A modern cause of action is identified not by the technical niceties of pleadings or by the relief requested, but by the basic core of facts underlying the lawsuit. Cf. Dery v. Wyer, 265 F.2d 804, 807 (2 Cir. 1959); Clark v. Taylor, 163 F.2d 940 (2 Cir. 1947); James, Civil Procedure 76 (1965). Here a review of the pleadings discloses that essentially one set of basic, operative facts supports both the original and amended complaint. The gravamen of the dispute is the claimed failure of the defendants to comply with the conditions of the revaluation contract. The fears anticipated in the initial complaint became the injuries detailed in the second pleading. No new, independent, or disparate cause of action is presented.

In July, the defendants submitted themselves to the jurisdiction of the state court; they may not now change forums. The motion to remand is granted.