Robert W. ADAMS, Donald D. Ryan, and Leonard J. Walker, Plaintiffs,

v.

WESTERN STEEL BUILDINGS, INC., a Colorado corporation; B & C Steel Corporation, a Nebraska corporation; and St. Paul Fire and Marine Insurance Company, a Minnesota corporation, Defendants and Third-Party Plaintiffs,

v.

Joseph F. HERRICK, Jr., Wallace Ashby, W. V. Hukill and Alfred D. Edgar; Nelson, Haley, Patterson and Quirk, Inc., and Penn Metal Company, Inc., Third-Party Defendants.

Civ. A. C–1161.

United States District Court
D. Colorado.

Jan. 7, 1969.

See also D.C., 286 F.Supp. 570.

Doyle T. Johns, Jr., Fort Morgan, Colo., Thomas E. McCarthy, R. W. Sullivan, Denver, Colo., for plaintiffs.

Yegge, Hall, Treece & Evans, by James L. Treece, Denver, Colo., for defendants and third-party plaintiffs.

Lawrence M. Henry, U. S. Atty., Robert E. Long, Asst. U. S. Atty., Denver, Colo., for third-party defendants Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill and Alfred D. Edgar.

John J. Dooley, Greeley, Colo., for third-party defendant, Nelson, Haley, Patterson and Quirk, Inc.

Mike Hilgers, Denver, Colo., for third-party defendant Penn Metal Co., Inc.

## MEMORANDUM OPINION
## AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on the motion of the defendants and third party plaintiffs (hereinafter referred to simply as the third party plaintiffs) under 28 U.S.C. § 1447(c) to remand the action to the District Court for the County of Morgan. Third party defendants Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill and Alfred D. Edgar sought removal under 28 U.S.C. § 1442(a) (1) relying on their uncontroverted status as federal agents being sued for acts done under color of their official positions. The propriety of removal is challenged on two grounds: 1) failure to petition for removal within the time specified in 28 U.S.C. § 1446(b), and 2) failure to present a separate and independent claim or cause of action under 28 U.S.C. § 1441(c), which, it is alleged, is necessary to allow removal by a third party defendant. Our disposition of the first of these contentions renders consideration of the latter unnecessary.

The factual context of the dispute is derived from the pleadings on file as well as from certain unchallenged statements of counsel in briefs filed in the case, though it should be noted that the third party defendants have neither filed a brief specifically in opposition to the present motion nor requested a hearing on the matter. By an amended complaint filed in the state court, plaintiffs sought to recover damages arising out of the collapse of a potato storage building from the present third party plaintiffs. On March 20, 1968 an amended third party complaint was filed seeking indemnity from numerous parties, including the United States and certain of its agents. The relevant allegations of that amended third party complaint read as follows:

2. That the Third Party Defendant, United States of America, negligently prepared and caused to be published United States Department of Agriculture Publication No. AMS–401 entitled "Pressures on Walls of Potato Storage Bins", which contained erroneous tables which were utilized by the Defendant, Western Steel Building, Inc., after being adopted by the other Third Party Defendants.

3. That the Third Party Defendant, United States of America, and the Third Party Defendants, Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill, and Alfred D. Edgar, its agents, servants or employees, expressly and impliedly warranted the correctness of the said publication and breached said warranties.

Thereafter, the office of the United States Attorney, according to a brief in support of motions filed by that office, appearing for the above named individuals, filed motions to dismiss in the state court based on official immunity, statute of limitations and, as to one of the individuals, improper service. These motions were denied and on October 22, 1968 a second amended third party complaint was filed which also sought indemnity and read in pertinent part as follows:

2. That the Third Party Defendants, Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill and Alfred D. Edgar, negligently prepared and caused to be published United States Department of Agriculture Publication No. AMS–401. * * *

3. That the Third Party Defendants, Joseph F. Herrick, Jr., Wallace Ashby, W. V. Hukill and Alfred. D. Edgar, expressly and impliedly warranted the correctness of the said publication and breached said warranties.

On November 7, 1968 a petition for removal was filed in this Court based on the status of the third party defendants as federal agents being sued for acts done in the course and scope of their government employments.

As is apparent from the above stated facts, better than seven months elapsed from the filing of the first amended third party complaint to filing

of the petition for removal, whereas less than thirty days passed between filing of the second amended third party complaint and the petition for removal.

■ It appears conceded, and properly so, that the procedural requirements of section 1446, specifically the thirty day time limitation of subsection (b), are applicable to actions removed under section 1442(a) (2) on federal officers as well as to those removed under the general statute. The dispute here is as to whether the filing of the second amended third party complaint has afforded the opportunity to remove by virtue of the second paragraph of section 1446(b), which reads as follows:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The third party defendants contend that this provision is here applicable since the second amended third party complaint sets forth a new cause of action in negligence against them and that, therefore, the time for removal is to be measured by reference to that complaint rather than by reference to the initial amended third party complaint which first named these individuals as parties and sought indemnity from them for the allegedly erroneous statements in the publication.

■ While compliance with the removal time limit is not a jurisdictional prerequisite, the requirement is mandatory and may be insisted upon, absent waiver, by the party seeking remand. *See, e. g.,* McLeod v. Cities Service Gas Co., 233 F.2d 242 (10th Cir.1956); Weeks v. Fidelity & Cas. Co., 218 F.2d 503 (5th Cir.1955); 1A J. Moore, Federal Practice 1345 (1965). In the instant case, we conclude that this requirement has not been met since the above

quoted portion of section 1446(b) is not properly applicable. The provision by its terms is applicable only "[i]f the case stated by the initial pleading is not removable * * *." The legislative history of the section states that

> The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case *if the initial pleading does not state a removable case* but its removability is subsequently disclosed. This is declaratory of the existing rule laid down 'by the decisions. (See for example, Powers v. Chesapeake etc., Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673.) 2 U.S. Cong. & Admin.News, p. 1268 (1949). (emphasis added)

Thus, it is apparent that the applicability of the provision is keyed to the non-removability of the cause in the first instance, Horak v. Color Metal of Zurich, Switzerland, 285 F.Supp. 603, 605 (D. N.J.1968), and that the mere fact of some alteration in the claims stated is insufficient to support new attempts at removal. If the action could have been removed initially but was not, an amendment of the claim does not generally revive the right of removal. *See* City of Waterbury v. H. L. Yoh Co., 253 F. Supp. 778 (D.Conn.1966); Lacy v. Mid-Continent Cas. Co., 247 F.Supp. 667, 670 (S.D.Tex.1965); 1A J. Moore, Federal Practice 1242–43 (1965).

■ However, these principles must be tempered with the recognition that "[w]illingness to remain in the state court for one cause of action does not show a willingness, or constitute a waiver, as to some quite different cause." Garden Homes, Inc. v. Mason, 143 F.Supp. 144, 145 (D.Mass.1956), citing Henderson v. Midwest Ref. Co., 43 F.2d 23 (10th Cir. 1930). Though the right of removal may have been present and waived in the first instance, a sufficiently substantial change in the nature of the action may re-afford the opportunity. *See* Henderson v. Midwest Ref. Co., *supra*; Fugard v. Thierry, 265 F.

Supp. 743, 745 (N.D.Ill.1967); City of Waterbury v. H. L. Yoh Co., *supra*; Garden Homes, Inc., v. Mason, *supra*; Baron v. Brown, 83 F.Supp. 520 (S.D. N.Y.1949). The question is whether the alteration has "so changed the character of the litigation as to make it substantially a new suit begun that day." Fletcher v. Hamlet, 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679 (1886).

■ Here, the case stated by the first amended third party complaint was removable by virtue of section 1442(a)(1), and the second amended third party complaint gave rise to no new and different basis for removal. Though this action is not one which was not removable in the first instance, the amendment has worked certain changes in the claims pled against these third party defendants in that negligence is now alleged in addition to the breaches of warranty previously asserted. While the prior pleading did contain a negligence allegation, it was specifically directed to the United States rather than the named individuals.

In our view, this difference is not so substantial as to afford the third party defendants a new opportunity to remove. To be sure, there are differences between claims based on breach of express and implied warranty and those based on negligence, but the nature of present day litigation makes it unrealistic to emphasize the formal distinctions between actions ex contractu and actions ex delicto, expecially as concerns liability for harms from defective products or materials. Considering the nature of the present case as a whole, we are able to perceive of no differences which would make it unjust to require defendants who consented to state court jurisdiction on warranty claims and filed motions in that forum going to the merits of such claims, to also submit to that jurisdiction as to negligence claims arising out of the same factual situation and seeking relief for the same alleged damages. The amount of amendment which can be allowed before the opportunity to remove is re-afforded is largely a ques-

tion of degree, and there is, of course, a point beyond which it would be manifestly unjust to deny a new chance at removal in view of substantial changes in the nature and substance of the claims asserted. The instant case does not rise to that level.

Special mention should be made of a decision disclosed by our independent research which might, at first glance, seem to indicate a contrary result. The case referred to is Henderson v. Midwest Ref. Co., 43 F.2d 23 (10th Cir. 1930), decided by the Court of Appeals for this Circuit prior to the enactment of the second paragraph of section 1446(b). The controversy was initially removable but no removal was sought. Thereafter, plaintiffs filed an amended complaint and defendants then petitioned for removal after the prescribed time had passed dating from the original complaint. The court upheld the right of removal, applying the principle that submission to state court jurisdiction on one claim does not preclude removal on the basis of an amendment which states an entirely new and different cause of action.

A comparison of the changes wrought by amendment in that case with those effected in the present case is instructive. In *Henderson*, the initial complaint basically sought the imposition of a constructive trust and an accounting to recover the past and future proceeds of oil leases to which plaintiffs claimed superior rights. The amended complaint completely abandoned this initial claim and instead sought damages based on an alleged conspiracy to defraud plaintiffs of their rights to a lease. The action was converted from one in equity seeking equitable relief to one at law seeking damages for conspiracy.

In the present case, changes of no such magnitude are involved; the only change here is that an allegation of negligence was redirected from the United States to the named government employees. The substance of the action has not been altered and the matters in issue have not been so changed as to un-

duly surprise the third party defendants or their counsel.

It is therefore

Ordered that the motion to remand be and hereby is granted and the case is remanded in its entirety to the District Court for the County of Morgan.