**DOW CORNING CORPORATION, Petitioner,**

v.

**Fred SCHPAK, Respondent.**

**No. 74 C 452.**

United States District Court, N. D. Illinois, E. D.

Sept. 13, 1974.

Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for Dow Corning Corp.

J. Stirling Mortimer, Mortimer & Hoffman, Chicago, Ill., for Fred Schpak.

Mitchell S. Rieger, Aaron J. Kramer, and Joan Steinman, Schiff, Hardin & Waite, Chicago, Ill., for Joseph L. Breger.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

Dow Corning Corporation has petitioned this Court for removal of a case from the Circuit Court of Cook County pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. The Circuit Court case is Fred Schpak v. Mueller Welt Contact Lenses, Inc., No. 73 L 12226, originally filed on September 24, 1973. The Circuit Court case was sought to be removed by the petitioner on February 15, 1974, ten days after the plaintiff in that case was granted leave to file and filed an amended complaint. The amended complaint in the Circuit Court case added a second count to the original complaint of September 24, 1973.

Fred Schpak, the respondent in this Court's case and the plaintiff in the Circuit Court case, moved this Court on March 1, 1974 to remand the Circuit Court case. Respondent's motion to remand was accompanied by an affidavit, and has been followed by a brief by petitioner opposing the motion.

The essential dispute between the parties over respondent's motion to remand concerns the thirty day time limitation found in 28 U.S.C. § 1446(b). Respondent argues that the addition of Count II to his complaint in the Circuit Court case does not constitute a new cause of action, and thus there should be no extension of time within which Dow Corning might file a petition for removal. Petitioner argues that the addition of a new cause of action to a state court complaint starts a new period for removal and that the amendment of February 5, 1974 to the Circuit Court case No. 73 L 12226 was in fact the addition of a new cause of action. Respondent has also contended that a Mr. Joseph Breger is a necessary party defendant to the Circuit Court case; such a contention was no doubt raised because of the requirements of 28 U.S.C. § 1441(b).

■ 28 U.S.C. § 1446(b) reads in pertinent parts as follows:

"The petition for removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . .. If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."

In the present case the petition for removal was not filed within a month of the initial pleading. And although the pleading has been amended, the case stated by the initial pleading, in other words Count I, seems as removable as the case further stated in the amended pleadings, in other words Count II. There is no reason to believe that the inference of a $10,000 claim under Count II—as the petitioner would have this Court make—is any more proper than an inference of a $10,000 claim under Count I. 28 U.S.C. § 1446(b) on its face thus seems to preclude the pending petition for removal because 30 days have elapsed since petitioner learned that a civil cause was pending in the state court ". . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (a). The Court notes that there is much authority for the proposition that the removal time limit of 30 days is mandatory and may be insisted upon, absent waiver, by the party seeking remand. Adams v. Western Steel Buildings, Inc., 296 F.Supp. 759, at 761 (D. Col.1969); McLeod v. Cities Service Gas Co., 233 F.2d 242 (10th Cir. 1956); Fugard v. Thierry, 265 F.Supp. 743 (N.D.Ill.1967).

Removal of the present case also seems precluded by the policies underlying the various Congressional acts dealing with removal and diversity. The removal statutes allow defendants in certain state court cases the opportunity to be tried before a federal court although the plaintiffs decided not to file their claims in the federal court. The removal statutes have been upheld as constitutional. Kithcart v. Metropolitan Life Insurance Co., 150 F.2d 997 (8th Cir. 1945), cert. den., 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470 (1945). The diversity statutes are said to have been primarily aimed at protecting the interests of out-of-state litigants from possible discrimination in local state courts. For example, see Erie v. Tompkins, 304 U.S. 64, at 74, 58 S.Ct. 817, 82 L.Ed. 1188 (1937).

The present case is a diversity case. The original state claim appears to be one which would have been removable, assuming petitioner is correct on his assessment of potential monetary damages under the second claim. If the petitioner thought there was a possibility of discriminatory treatment in the Circuit Court of Cook County, he could have sought to remove Count I to this Court within the 30 day limit. Petitioner did not seek to remove Count I. Yet after Count II was filed, petitioner sought removal. This Court is at a loss to understand why petitioner might feel there was a possibility of local prejudice in any state court trial of Count II, but there was no such possibility with respect to Count I.

■ Notwithstanding the literal provisions of 28 U.S.C. § 1446(b), the reasonable inferences which can be drawn from that statute, and the policies underlying the removal and diversity legislation, there is strong precedent for the petitioner's contention that a removal petition may be granted more than 30 days after the filing of a state court action which was itself originally removable if the state court action has been subsequently amended. Removal of such an amended state claim is proper more than 30 days after the date of initial filing when the amendment has

" . . . so changed the character of the litigation as to make it substantially a new suit begun that day." *Fletcher v. Hamlet,* 116 U.S. 408 at 410, 6 S.Ct. 426 at 426, 29 L.Ed. 679 (1886). See also *Adams,* cited earlier; *Fugard,* cited earlier; Weiner v. Sorenson, 341 F. Supp. 397 (E.D.Wis.1972); City of Waterbury v. H. L. Yoh Co., 253 F.Supp. 778 (D.Conn.1966); Garden Homes v. Mason, 143 F.Supp. 144 (D.Mass.1956), aff'd, 238 F.2d 654 (1st Cir. 1956); Lacy v. Mid-Continent Casualty Co., 247 F.Supp. 667 (S.D.Tex.1965). Justification for the inapplicability of the 30 day rule in these cases rests on the judicial determination that a willingness to remain in the state court for one cause does not show, nor does it constitute a waiver, as to some quite different cause. *Garden Homes,* cited earlier; Henderson v. Midwest Refining Co., 43 F.2d 23 (10th Cir. 1930); Baron v. Brown, 83 F.Supp. 520 (S.D.N.Y. 1949).

In the present case I find Counts I and II to be so substantially different as to afford the defendant in the Circuit Court case a new opportunity to remove. Count I of Schpak's Circuit Court suit seeks a determination concerning the enforceability of a 1964 contract relating to trade secrets and concerning his ability to seek employment in the contact lenses industry. Count II seeks a determination concerning the past actions under and the future enforceability of two later contracts, neither of which allegedly affected the continuing vitality of the 1964 contract and neither of which was mainly concerned with trade secrets. Because of these substantial differences between Counts I and II, respondent's motion for remand must be denied.

█ In deciding to allow removal, I have necessarily made a finding that Count II of respondent's complaint puts into dispute an amount sufficient to confer jurisdiction on this Court. It appears to me that Count II could very easily sustain a judgment for the respondent of over $10,000. Count II involves one contract which, in part, provides for compensation to the respondent amounting to over $30,000 per year. It is immaterial that respondent did not state any specific amount in dispute when adding Count II to his claim. The jurisdictional amount is sufficiently alleged in the petition for removal, and respondent has not raised the issue of jurisdictional amount in his motion to remand. See Studebaker v. Salina Waterworks Co., 195 F. 164 (D.Kan.1912); Craig v. Champlin Petroleum Co., 300 F.Supp. 119 (D.Okl. 1969), affirmed, 421 F.2d 236 (10th Cir. 1970); Seber v. Spring Oil Co., 33 F.Supp. 805 (D.Okl.1940).

It is therefore ordered that the motion to remand be and hereby is denied.

It is so ordered and decreed.