**100**

## BOARD OF SUPERVISORS OF JACK-SON COUNTY et al., Plaintiffs,

v.

## H. K. PORTER COMPANY, INC., Defendant.

### Civ. A. No. S76–183(R).

United States District Court,
S. D. Mississippi, S. D.

Dec. 28, 1976.

Karl Wiesenburg, and Carl A. Megehee, Pascagoula, Miss., for Board of Supervisors of Jackson County, and others.

W. Joel Blass, Gulfport, Miss., and Charles W. Ford, Pascagoula, Miss., for H. K. Porter Co., Inc.

## OPINION

DAN M. RUSSELL, Jr., Chief Judge.

Pending before the Court is the motion of the Board of Supervisors of Jackson County, Mississippi, to remand the above action to the County Court of Jackson County. The motion is based generally on the contention that the petition for removal was not timely filed and the removal was otherwise improvident. The motion has been heard to the Court and briefs have been submitted by both sides.

It is not necessary to detail the history of this litigation from when it began in the County Court of Jackson County as an eminent domain suit, nor detail the other litigation involving the same parties with respect to certain acreage on Bayou Casotte. It is sufficient to say that the Board of Supervisors on April 19, 1973 filed a petition for eminent domain against H. K. Porter Company, Inc., the alleged record owner of real property consisting of approximately 204 acres on Bayou Casotte, being No. 17,426 on the docket of the County Court. The case resulted in a jury verdict in favor of Porter in the sum of $255,000. Porter appealed. While the appeal was pending before the Supreme Court of Mississippi, that court issued its decision in "*H. K. Porter Company, Inc. v. Board of Supervisors of Jackson County, et al*", No. 48379, reported at 324 So.2d 746. Cause No. 48,379 involved Porter's confirmation of title suit filed in the Chancery Court of Jackson County, wherein Porter sought to have its fee simple title confirmed to the same acreage and an additional 100 acres by accretion to the south boundary. At the chancery court level the Chancellor found that Porter had initially leased a 404 acre tract by virtue of a 99 year lease from the county, followed by a conveyance of title by the county and the county port authority to Porter. Inasmuch as Porter had conveyed 200 acres to a third party, who occupies same as an industrial user, the Chancellor found that Porter had acquired a fee title to the 204 acres remaining, the same acreage involved herein. He found that the 100 acre tract inured to the

State of Mississippi. On cross-appeals, the Mississippi Supreme Court affirmed the Chancellor's ruling as to the State's title to the 100 acre accretion, but disagreed with the Chancellor that Porter had acquired a fee simple title to the larger tract by virtue of the warranty deed from the County Board of Supervisors and the Jackson County Port Authority, finding that the conveyance failed to comply with the Mississippi statutes regulating such conveyances. However, the Mississippi Supreme Court did find that Porter still holds 204 acres under its 99 year lease, the validity of which was not involved in the action, and further found that by virtue of Section 7605–06, Mississippi Code of 1942, now Section 59–9–19, Mississippi Code of 1972, Porter's lease to the 204 acre tract, not now being used for industrial purposes, is subject to the county's power of eminent domain delegated to it by the Mississippi legislature. As to the eminent domain suit appealed by Porter, being No. 48,815 on the docket of the Mississippi Supreme Court, the Board of Supervisors filed its motion to dismiss the appeal without prejudice "to the parties reforming their pleadings in this cause in the County Court of Jackson County, Mississippi for proceedings consistent with this Court's opinion rendered on December 15, 1975 in Cause No. 48,379 styled 'H. K. Porter vs. Board of Supervisors of Jackson County, Mississippi, et al', reported in 324 So.2d 746." Porter declined to join in this motion, a copy of which together with the brief supporting same, as well as copies of other pleadings, are exhibits to the affidavit of Carl A. McGehee, attorney for the board, and are a part of this record. In the brief in support of the motion addressed to the Mississippi Supreme Court, it was pointed out, in view of that court's holding in the confirmation suit that Porter had only a leasehold interest in the 204 acre tract instead of a fee simple title, that the board should be allowed to amend its eminent domain petition accordingly. The response of the Mississippi Supreme Court to that motion was a final judgment, dated June 10, 1976, as follows:

"This cause came on to be heard on Appellee's Motion to Dismiss filed herein and this Court having sufficiently examined and considered the same and being of the opinion that the same should be sustained doth order that said Motion be and the same is hereby sustained *without prejudice in this cause in the County Court of Jackson County, Mississippi.* It is further ordered and adjudged that the Appellees do pay all of the costs of this appeal to be taxed for which let proper process issue." (Emphasis added).

Within a few days of this judgment, the Board of Supervisors filed an ex parte motion to reform the pleadings and for leave to file an amended petition in the county court in Cause No. 17,426, bearing the same cause number as its earlier petition for eminent domain. In support of the motion the board asserted that its eminent domain suit had proceeded on the theory that Porter had a fee simple title, and while its appeal was pending, as Cause No. 48,815, the Supreme Court had, in Cause No. 48,379, adjudicated that Porter had only a leasehold interest, and it was therefore necessary to amend the petition for eminent domain to conform to the Supreme Court's ruling in Cause No. 48,379.

The motion was granted by the county court, its judgment reciting: "It is, Therefore, Ordered that the Motion of Petitioners to Reform Pleadings and for Leave to File Amended Petition be and the same is hereby sustained."

Pursuant to this judgment, the Board of Supervisors, on June 22, 1976, filed its amended petition in Cause No. 17,426. On July 19, 1976, Porter filed its removal petition to this court by virtue of 28 U.S.C. Section 1441 which permits the removal of a state court action of which the federal court has original jurisdiction (this action being between parties of different states), and pursuant to 28 U.S.C. Section 1446, which requires that the petition for removal be filed within thirty days after the receipt by defendant of a copy of the *initial* pleading setting forth a claim for relief. Porter simply claims that the amended petition is

in fact a new lawsuit and that the petition to remove was timely filed.

The Board of Supervisors, movant herein, contends that the second petition for eminent domain is nothing more than an amendment to the first as evidenced by the language in the pleadings and the mandate of the Mississippi Supreme Court, contending that this mandate is a remand of the case to the county court. Porter readily concedes that the Supreme Court, in a final judgment, may remand a case to the trial court and allow the filing of amended pleadings. It would be helpful to this Court to know if the Mississippi court, in view of its language, would treat the mandate herein involved, as a remand, but, in the last analysis, it is for this Court, under the removal statutes, to determine from the litigation as a whole, whether the new petition is merely an amendment, dating back to the original, in which case the removal petition was not timely filed, or whether, the board, by requesting the Supreme Court to dismiss the action without prejudice, abandoned the first petition, as Porter claims, and in effect, by its second petition, instituted a new lawsuit, which has been timely removed. The Court agrees with Porter's view.

Porter appealed the judgment of the county court in the first eminent domain suit, Cause No. 17,426, and while that appeal was pending on the Supreme Court docket as No. 48,815, the decision was rendered in No. 48,379. Although Porter declined to join in the board's motion to dismiss the appeal in No. 48,815, it is quite obvious that it was necessary to dismiss the appeal and vacate the lower court judgment based on the assumption that Porter had a fee simple title. The Supreme Court's mandate, while sustaining plaintiff's motion, recognized that the appeal should be dismissed without prejudice to the filing of a new suit. Although the mandate assessed only the costs of the appeal to the board and did use the phrase "without prejudice in this cause", instead of the word "remand", this Court construes the language of the mandate as nothing more than preserving the right to the board to file a new eminent domain suit. The Court's reasoning is further bulwarked by the fact that although the county court granted leave to file the new suit by way of an amendment, a new service of summons was required and served. Additionally, although the state court procedure in eminent domain cases is essentially the same, it goes without question that both the board and Porter are faced with a different kind of proof. See *Cliett v. Scott*, 5 Cir., 233 F.2d 269, and *Dow Corning Corp. v. Schpak*, D.C., 65 F.R.D. 72.

The Court's attention has been called to the fact that Porter has filed suit in Cause No. S76–160(C), *H. K. Porter Co., Inc. v. Lum Cumbest, et al*, the final result of which may effect the outcome of the suit sub judice. This Court will at the proper time entertain a motion to delay this suit pending a resolution in Cause No. S76–160(C).

An order may be submitted denying the motion to remand.